[No. 6,706.—Department No. 1.]

## TOMPKINS *v.* SPROUT.

PLEADING— COMPLAINT — JOINDER OF ACTIONS — DEMURRER. — *Held,* that the complaint in this case, being a combination of several independent and distinct causes of action, could not have been sustained had a demurrer been interposed.

FRAUD AS TO CREDITORS—FRAUDULENT CONVEYANCE—EQUITY—PLEADING— DEMURRER—ACTION TO QUIET TITLE—EQUITY.—In an action by a purchaser at an execution sale, to quiet title and to compel a conveyance against one who had purchased land from a fraudulent grantee of the execution debtor, by a deed made with intent to defraud creditors, the complaint alleged that the defendant claimed some estate or interest in the land adverse to the plaintiff, but that his claim was without right, and that he had no right, title, or interest therein; and the answer admitted the former and denied the latter allegation; and the Court found that the defendant had purchased *with constructive* but *without actual* notice of the fraud, and that he had paid off a mortgage on the land which was prior to the plaintiff's claim. *Held,* 1st, that the pleadings raised a material issue, and that, though the answer should have set out the nature of the defendant's claim, yet, as no demurrer or objection to the evidence was interposed, it could not be objected that the finding was not within the issue; and 2ndly, that the plaintiff was entitled to the relief prayed for, only upon the terms of paying to the defendant the amount paid by him in satisfaction of the mortgage.

ID.—ID.—ID.—In an action to set aside a deed which is only constructively fraudulent, a Court of Equity will protect the purchaser as well as the creditor, where both can be protected without injury to either.

ID.—ID.—ID.—Where the fact of fraud is established in a suit at law, the buyer loses the property; but where the proceeding is in equity, the Court will deal with the subject according to the equities of the case; the cardinal

principle, in all such cases, being that the property of the debtor shall not be diverted from the payment of his debts, to the injury of the creditor, by means of the fraud.

APPEAL from a judgment for the plaintiff, in the First District Court, County of Santa Barbara. FAWCETT, J.

The complaint contains two counts. The first count alleges that the plaintiff is seized in fee, and entitled to the possession of the land in controversy; that the defendant claims some estate or interest in said premises adverse to the plaintiff; that the claim of the defendant is without right, and that he has not any estate, right, title, or interest whatever in the said premises; and that he heretofore, on or about the 28th day of September, 1877, wrongfully entered into the possession of said premises, and ousted the plaintiff therefrom, and now wrongfully withholds the possession thereof from the plaintiff.

The second count sets up specially the facts as stated in the opinion. The other facts are stated in the opinion.

*Hall & Hatch*, for Appellant.

A Court of Equity, in setting aside a deed of a purchaser upon other grounds than *positive* fraud on his part, sets it aside upon terms. ( *Coirou* v. *Millandou*, 19 How. 115, citing *Boyd* v. *Dunlap*, 1 Johns. Ch. 478; *Sands* v. *Codwise*, 4 Johns. 535, 598, 599.) "This constitutes the essential difference between relief in equity, and that afforded in a court of law." (Id.) The cardinal principle in all such cases is, that the property of the debtor shall not be diverted from the payment of his debts, to the injury of his creditors, by means of the fraud. ( *Clements* v. *Moore*, 6 Wall. 312.) If the conveyance be allowed to stand for the amount of the mortgage lien, it places the plaintiff in no worse condition. " A sale of his land by the debtor, to defraud a creditor, operates as a fraud only to the extent of the interest which the creditor would have acquired by purchase, at a sale under execution, of the land fraudulently conveyed." (*Moore* v. *Besse*, 43 Cal. 511.) When a transfer is not tainted with actual fraud, but is fraudulent only by construction of law, it will be allowed to stand as security for the money advanced by the grantee. (Bump on Fraud. Con. 597 n;

*Bean* v. *Smith*, 2 Mason, 296.) The general denial puts in issue all the material averments of the complaint, and permits the defendant to prove any and all facts which tend to negative any of those averments. (*Elder* v. *Spinks*, 53 Cal. 293.)

*Richards & Boyce*, for Respondent.

The deed from Charles to Gustav Peterson was void as to plaintiff. (Civ. Code, §§ 34, 39 ; Bump on Fraud. Con. 19–20 ; *Swinford* v. *Rogers*, 23 Cal. 236 ; *Goodwin* v. *Hammond*, 13 id. 168 ; *Horn* v. *Vol. Water Co.* id. 62 ; Story's Eq. Jur. § 361 ; Will. Eq. 227 ; *Clements* v. *Moore*, 6 Wall. 312.)

By the execution sale and Sheriff's deed the plaintiff was invested with title. The defendant, by his purchase, did not acquire any interest therein; nor has he any claim upon the premises by reason of a mortgage lien—1st, because his answer failed to set up any equitable demand or claim for relief ; and 2nd, because he did not occupy the position of a *bona fide* purchaser without notice.

Ross, J. :

The complaint in this case is a combination of several independent and distinct causes of action, and could not have been sustained had a demurrer been interposed. The main purpose of the action seems to have been to have declared null and void two certain deeds to a block of land situated in Santa Barbara ; but, in addition to the averments respecting that cause of action, the complaint contains the usual allegations found in a complaint to quiet title, and also in one of ejectment. The prayer is, that the adverse claims of the defendant to the premises be determined by the Court; that it be adjudged that the defendant had no title to or interest in the block, and that he be forever debarred from asserting any claim thereto adverse to the plaintiff; that plaintiff recover possession of the premises from the defendant, and that the deeds be decreed to be null and void, and defendant be compelled to execute a conveyance of the premises to plaintiff. The complaint was not verified, and the answer was a general denial of all of the allegations of the complaint, except the allegation " that the defendant claims

some estate or interest in said premises, in the complaint named, adverse to the plaintiff."

The facts upon which the plaintiff sought to have the deeds alluded to annulled, and upon which the Court below did annul them, are substantially as follows : On the 2nd of April, 1877, one Charles Peterson was, and for some time prior thereto had been, the owner of the premises. On that day, in an action then pending in the District Court of Santa Barbara County, a decision was rendered in favor of the plaintiff, Tompkins, and against the said Charles Peterson and one Johnson, upon a money demand, upon which final judgment was entered April 7th, 1877. On the said 2nd day of April, and after the rendition of the said decision, Charles Peterson, for the purpose of defrauding the plaintiff, executed to his brother, Gustav Peterson, a deed to various pieces of property, including the block in question. Gustav received the conveyance with knowledge of the fraudulent intent of Charles, and colluded with him to defraud the plaintiff. On the 24th of April, 1879, the plaintiff caused execution to issue for the enforcement of the judgment recovered by him. The execution was duly levied by the Sheriff on all the right, title, and interest of Charles Peterson, in and to the said block, describing the same as standing on the records of the county in the name of Gustav. Under this execution the property was sold for the amount of the judgment, with interest, cost, and accruing costs, the plaintiff being the purchaser. The Sheriff thereupon issued to the plaintiff a certificate of sale in due form, the duplicate of which was duly recorded on the 31st of May, 1879. No redemption having been effected, the Sheriff, on the 21st of March following, executed to plaintiff a deed to the premises. Intermediate the delivery and recording of the certificate of sale and the execution of the Sheriff's deed— that is to say, on the 28th of September, 1879—the defendant purchased the block of land in controversy from Gustav Peterson, and received a deed therefor from him. The defendant paid full value for the land, and " did not have actual knowledge of the fact that the conveyance from Charles to Gustav was fraudulent, but did have full knowledge, both actual and constructive, that said block had been levied upon and sold as the property of Charles Peterson as aforesaid; and that plaintiff

held the Sheriff's certificate of sale therefor, and also had actual knowledge of the judgment against Charles in favor of plaintiff." Upon these facts, the Court concluded that the conveyance from Charles to Gustav Peterson was void as to the plaintiff, and that the defendant acquired no interest in the premises by his purchase from Gustav. The Court below, however, also found as a fact: "7. That, at the several dates in these findings before mentioned, down to and including September 28th, 1877, there was a valid mortgage upon and against said block 328, amounting on the last-named date to the sum of $728.55; that the defendant Sprout received his conveyance to said premises subject to said lien, and assumed the payment thereof as a part of the purchase-money, and did thereafter pay off and procure the discharge of the same; that said lien was created by Charles Peterson, by mortgage executed on the 6th day of December, 1876." And the Court also found as a conclusion of law: "6. That defendant has no claim against said premises, by reason of his payment of the mortgage lien mentioned in finding number 7," and entered judgment decreeing plaintiff to be the owner of the property; and that the defendant had no interest in or claim upon the same, and forever debarring him from asserting any interest therein adverse to the plaintiff; and further directing the execution of a deed of conveyance of the premises from defendant to plaintiff, etc.

The only point made by the defendant on this appeal is, that the Court below should have set aside the conveyance *upon terms*, to wit, upon the payment by plaintiff to the defendant of the amount paid by the latter in satisfaction of the mortgage lien.

No express mention is made, in the complaint or answer, of the lien, and it is claimed by the respondent that the seventh finding of the Court is not within the issues made by the pleadings, and cannot, therefore, be considered. The complaint, however, alleges that the defendant claims some estate or interest in the premises adverse to the plaintiff, and "that the claim of said defendant is without any right whatever, and defendant has not any estate, right, title, or interest whatever in or to said premises, or any part thereof." The answer admitted that the defendant had some claim to the property, but denied that the

claim was without right, and denied that defendant had not any estate or right therein. This, as was held in *Elder* v. *Spinks*, 53 Cal. 293, raised a material issue ; and, although the pleader should undoubtedly have proceeded to set out the nature of the interest claimed by the defendant, still there was no demurrer to the answer, and it does not appear that any objection was taken to the evidence introduced under the issue as made. Under such circumstances, the objection now urged—that the finding of fact is without the issues, and cannot, therefore, be considered—cannot be sustained.

There being, at the time the plaintiff recovered his judgment against Charles Peterson, and at the time of the conveyance from Charles to Gustav Peterson, and at the time of the purchase by plaintiff under his execution sale, a valid, subsisting mortgage lien upon the property, it is obvious that the latter cannot be injured by requiring of him payment of the amount of the lien as a condition precedent to vacating the sale to the defendant. The Court below expressly found that defendant had no actual knowledge of the fact that the conveyance from Charles to Gustav Peterson was fraudulent, and that the conveyance from the latter to the defendant was constructively fraudulent only. In such case, a Court of Equity will protect the purchaser as well as the creditor, where, as here, both can be protected without injury to either.

In *Clements* v. *Moore*, 6 Wall. 312, it is said : "A sale may be void for bad faith, though the buyer pays the full value of the property bought. This is the consequence where his purpose is to aid the seller in perpetrating a fraud upon his creditors, and where he buys recklessly with guilty knowledge. When the fact of fraud is established in a suit at law, the buyer loses the property without reference to the amount or application of what he has paid, and he can have no relief either at law or in equity. When the proceeding is in chancery, the jurisdiction exercised is more flexible and tolerant. The equity appealed to—while it scans the transaction with the severest scrutiny—looks at all the facts, and giving to each one its due weight, deals with the subject before it according to its own ideas of right and justice. In some instances, it visits the buyer with the same consequences which would have followed in an

action at law.  In others, it allows a security to stand for the amount advanced upon it.  In others, it compels the buyer to account only for the difference between the under price which he paid and the value of the property.  In others, although he may have paid the full value, and the property may have passed. beyond the reach of the process of the Court, it regards him as a trustee, and charges him accordingly.  When he has honestly applied the property to the liabilities of the seller, it may hold him excused from further responsibility.  *The cardinal principle in all such cases is, that the property of the debtor shall not be diverted from the payment of his debts to the injury of his creditors, by means of the fraud.*"

In *Coiron* v. *Millandon*, 19 How. 115, the Court, by Mr. Justice Nelson, said: ."A Court of Equity, in setting aside a deed of a purchaser upon grounds other than positive fraud on his part, sets it aside upon terms, and requires a return of the purchase-money, or that the conveyance stand as a security for its payment."  And in *Bean* v. *Smith*, 2 Mason, 296, Judge Story said: "1 agree to the doctrine laid down by Mr. Chancellor Kent, in *Boyd* v. *Dunlap*, 1 Johns. Ch. R. 478, and *Sands* v. *Codwise*, 4 Johns. R. 536, 549, that a deed fraudulent in fact is absolutely void, and is not permitted to stand as a security for any purpose of reimbursement or indemnity ; *but it is otherwise* with a deed obtained under suspicious or inequitable cir-. cumstances, or which is only *constructively fraudulent*."  Speaking of the distinction between actual and constructive fraud, he proceeds: " The former (actual fraud) makes the conveyance utterly void, as to creditors and others, whom it intends to injure, and therefore it cannot be permitted to stand as to them as a security for advances.  But if no such actual fraud was originally in contemplation, the law adjudges the conveyance fraudulent on motives of public policy, as in cases of voluntary or other conveyances, which are void against creditors and purchasers ; there, if any advances have been made, or any other equities arise, they may be enforced by the Court in favor of the grantee."

Applying the principles thus announced to the facts of the case under consideration, it is clear that the Court below should have imposed upon the plaintiff, as a condition to vacating the

sale to defendant, and requiring a conveyance of the property from him to the plaintiff, the payment by the latter to the defendant of the amount paid by defendant in the satisfaction and discharge of the mortgage lien existing upon the property during the time already stated. In this way, and in this way only, justice can be done between the parties.

Judgment reversed, and cause remanded to the Court below, with directions to enter judgment on the findings not inconsistent with this opinion.

McKINSTRY, J., and McKEE, J., concurred.