[No. 12110.   Department One. — August 16, 1887.]

DANIEL HILTON ET AL., APPELLANTS, *v.* MARY M.
YOUNG, RESPONDENT.

ASSIGNMENT OF CONTRACT OF PURCHASE. — A grant in fee-simple of a por-
tion of a tract of land to which the grantor has not the legal title, but
as to which he has a contract of purchase, operates as an assignment of
a portion of such contract.

RIGHTS OF ONE WHO SUBSEQUENTLY ACQUIRES THE LEGAL TITLE. — The as-
signee of the remaining portion of the contract, with notice of the first
transfer, who by virtue of the contract acquires the legal title to the
whole tract, takes the portion described in the deed to the first assignee,
in trust for him.

CONTRIBUTION. — The assignee of the second portion, having been obliged to
pay the whole contract price to the vendor in order to get the legal title,
is entitled to contribution from the assignee of the first portion; and a
court of equity may enforce such right by the imposition of a condition.

ID. — It makes no difference as to the contribution that the assignee of the
first portion paid his assignor in full.

APPEAL from a judgment of the Superior Court of
Butte County.

The facts are stated in the opinion.

*Gray & Sexton,* for Appellants.

*Hundley & Gale,* for Respondent.

HAYNE, C.—This is an action to quiet title. One
Vanderhoof had a contract with the Central Pacific Rail-
road Company for the purchase of certain land. He paid
twenty per cent of the price, and the interest on the bal-
ance for one year. While the legal title remained in the
company, "for a valuable consideration, he granted and
conveyed in fee-simple to the defendant, Mary M. Young,
a part of said lands, the same being the premises in dis-
pute in this action." This deed transferred to the
defendant the right of Vanderhoof to a conveyance from
the company of the tract in controversy, and to that ex-
tent operated as an assignment of the contract. Shortly

after making this deed Vanderhoof died, and his estate being insolvent, "all the right, title, and interest of said estate in and to said lands mentioned in said contract" was sold, under the order of the Probate Court, to the plaintiff Hilton. This sale did not transfer to Hilton any sort of interest in or right to the premises in controversy, for Vanderhoof had previously parted with all his right as to that portion of the land, and the probate sale only purported to be of the right, title, and interest which the estate had. In this condition of affairs, Hilton and his co-plaintiff went to the railroad company, and paying the balance of the purchase-money, obtained a deed of all the land covered by the contract, including the defendant's tract. They did this with full knowledge and notice of the rights of the defendant. As a matter of course, so far as the tract in dispute is concerned, they took only the legal title, with a trust in favor of the defendant, and their claim to the beneficial ownership of that tract is as destitute of foundation in law as it is in conscience.

The court below denied the plaintiffs' application for relief, and upon the cross-complaint of defendant decreed that they had not "any right, title, or interest in or to said tract of land," and that the title of the defendant be quieted as against the plaintiffs and those claiming under them. This was going further than the facts found warranted. The legal title was in the plaintiffs. It could not have passed to the defendant as an after-acquired title; for neither the defendant's grantor, nor his estate, ever acquired the title. The legal title being in the plaintiffs, they could not be said not to have "any right, title, or interest." Upon the facts found, all that could properly have been done was to have decreed that the plaintiffs convey to the defendant. As a condition of this relief, the defendant should be required to do equity, and we think it is equity that she should pay a ratable proportion of what the plaintiffs paid to get the title.

The fact that the plaintiffs took the title from the rail-
road company with notice of the equitable rights of de-
fendant subjected them to all the duties resting upon the
company. In the language of Story (1 Eq. Jur., sec. 396),
"if a subsequent purchaser has notice of the contract,
he is liable to the same equity, and stands in the same
place, and is bound to do the same acts, which the person
who contracted, and whom he represents, would be bound
to do." But he is not ordinarily bound to do any other
or further acts. Now, the company was bound to con-
vey only upon payment of the balance due to it upon
the contract. The defendant could not have got a deed
from it without paying at least what was due for her por-
tion of the land; and it would seem that in order to get
the deed from the successor in interest of the company
she must make the same payment.

Nor is there anything in the position of the parties
before the making of the deed from the company which
would change this result. The conveyance of the land
from Vanderhoof to the defendant "in fee-simple"
doubtless operated as an assignment of a portion of the
contract, with an undertaking on his part to pay what
remained due to the company. As between them, the
obligation to pay the company was on Vanderhoof. But
the fact that the plaintiffs had notice of this obligation
on the part of Vanderhoof does not make them liable to
meet it, any more than it would make them liable to meet
his other obligations; for the defendant's portion was
separate and distinct from the plaintiffs' portion, and as
to the defendant's portion the plaintiffs do not and could
not claim through Vanderhoof. The case, therefore,
stands thus: The defendant got an assignment of a part
of a contract to convey land; the plaintiffs got an assign-
ment of the remaining part. But the owner of the land
was not compelled to split up his contract by making
separate deeds. And, as must be presumed from the
findings, the plaintiffs, in order to get a deed to any por-

tion, were compelled to pay the balance due upon defendant's part as well as upon their own. This having been done, we think the defendant cannot have the assistance of a court of equity to obtain the legal title from the plaintiffs, except upon condition of paying to them what they paid on her behalf. (See *Tompkins* v. *Sprout,* 55 Cal. 31.)

We therefore advise that the judgment be reversed, and the cause remanded, with directions to the court below to enter a decree that the plaintiffs execute and deliver to the defendant a deed of the land in controversy, upon payment by defendant within a reasonable time, to be fixed by the court, of a ratable proportion (according to the number of acres) of the balance of the purchase-money paid by plaintiffs to the railroad company; the plaintiffs to recover their costs of appeal.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, judgment reversed and cause remanded, with directions to the court below to enter a decree that plaintiffs execute and deliver to the defendant a deed of the land in controversy, upon payment by defendant, within a reasonable time, to be fixed by the court, of a ratable proportion (according to the number of acres) of the balance of the purchase-money paid by plaintiffs to the railroad company, the plaintiffs to recover their costs of appeal.