[No. 12847. In Bank. — January 25, 1889.]

J. S. DOE, RESPONDENT, *v.* CASPER M. SANGER ET AL., APPELLANTS.

PLEADING — DEMURRER FOR AMBIGUITY — STATUTE OF LIMITATIONS. — The fact that a cause of action as set out in the complaint does not show on its face whether it is or is not barred by the statute of limitations, cannot defeat a recovery, nor sustain a demurrer for ambiguity. Unless the complaint shows affirmatively that the cause of action is barred by the statute, that objection cannot be raised by demurrer.

ID. — MATTER WITHIN DEFENDANT'S KNOWLEDGE. — When the matter in respect to which a complaint is objected to as ambiguous is peculiarly within the knowledge of the defendant, such ambiguity is not a ground of demurrer of which the defendant can avail himself. (Per BEATTY, C. J.)

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion.

*Harris & Gregg,* for Appellants.

*R. S. Mesick,* for Respondent.

FOOTE, C. — This is an action of trespass upon certain mining property. A demurrer was filed to the amended complaint, and overruled; an answer was filed, a trial had, and judgment rendered for the plaintiff, from which this appeal is taken, and the reason urged for its reversal is, as alleged, that the demurrer ought to have been sustained.

The trespass is averred, in the amended complaint, to have taken place "on or about the thirtieth day of June, 1886, and prior thereto from about the first day of November, 1883, until said thirtieth day of June, 1886." The suit was brought on the twenty-eighth day of April, 1887.

The grounds of the demurrer are, that the complaint is ambiguous and uncertain, and that part of the damages claimed is barred by subdivision 2, section 338, Code of Civil Procedure.

There is no uncertainty or ambiguity as to the nature and character of the cause of action set up in the complaint. It might happen that under a pleading in the answer of the statute of limitations it would appear upon the proofs made that some portion of the damages claimed by the complaint was barred, but that would not make the allegation of the complaint doubtful as to what damages were claimed, their character, and during what time they were alleged to have been suffered.

The fact that a cause of action as set out in the complaint does not on its face show whether or not it is barred by the statute of limitations would not defeat a recovery. It could only be determined on the trial of the case whether the whole or any part of the damages claimed was barred by the statute.

Unless it appears upon the face of the complaint that the cause of action is barred by the statute of limitations, that "objection cannot be raised by demurrer." (*Wise* v. *Hogan*, 77 Cal. 184, and cases cited.)

No prejudical error appearing, we advise that the judgment be affirmed.

BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment is affirmed.

BEATTY, C. J., concurring.— I concur in the judgment of affirmance, for the reasons stated, and upon the further ground that where it appears, as in this case it does appear, that the matter in respect to which a complaint is ambiguous is peculiarly within the knowledge of the defendant, such ambiguity is not a ground of demurrer of which defendant can avail himself.