[No. 13127.  In Bank.— October 14, 1889.]

## J. C. PENNIE, ADMINISTRATOR, ETC., RESPONDENT, v. LAURA C. HILDRETH, EXECUTRIX, ETC., RESPONDENT, AND THADDEUS HARPER, APPELLANT.

| 81 | 127 |
|---|---|
| 85 | 630 |
| 81 | 127 |
| 86 | 365 |
| 81 | 127 |
| 94 | 52 |
| 94 | 497 |
| 81 | 127 |
| d105 | 442 |
| 81 | 127 |
| 109 | 641 |
| 81 | 127 |
| 116 | 501 |
| 81 | 127 |
| 125 | 663 |
| 81 | 127 |
| 136 | 34 |
| 81 | 127 |
| e137 | 473 |
| 81 | 127 |
| 139 | 378 |
| 81 | 127 |
| 147 | 5 |

QUIETING TITLE — ACTION BY ADMINISTRATOR. — An administrator may bring an action to quiet title to real estate which belonged to his decedent. Such action may be brought by any one who has the right of possession against any one who claims an estate or interest adverse to such right.

ID. — REFERENCE IN ONE COUNT OF COMPLAINT TO ANOTHER. — It is a slovenly mode of pleading, which should not be tolerated, to aver in subsequent counts that certain paragraphs of the first count are true. Each count of a complaint must state a cause of action, and be complete in itself, without reference to any other count. But if separate counts are not necessary, a cause will not be reversed on this ground.

ID. — PLEADING — JOINDER OF CAUSES OF ACTION — QUIETING TITLE TO SEVERAL TRACTS — SEPARATE COUNTS — COSTS. — The rights of the parties in several tracts of land may be properly adjudicated in the same action to quiet title where the adverse claimants are the same to each tract, and ought to be so adjudicated; but they should all be included in one count, and the additional cost caused by pleading them in separate counts so as to make the complaint unnecessarily long should be paid by the plaintiff.

ID. — GENERAL DENIAL — DEMURRER TO ANSWER. — A general denial in an answer to an unverified complaint by an administrator in an action to quiet title puts in issue the plaintiff's title and position as administrator, and a demurrer to such answer cannot properly be sustained.

ID. — SPECIAL ANSWER — EQUITABLE TITLE OF DEFENDANT — DECREE — MORTGAGE — DEED OF TRUST. — The defendant in an action to quiet title may specially plead that the plaintiff has only a lien, or any interest less than he claims, and that the defendant has an equitable title or any interest in the land, either paramount or subordinate to that of the plaintiff; and the decree of the court should declare the rights of the parties in the property accordingly. It is immaterial whether plaintiff's title is a mortgage or a deed of trust held as security, as the defendant would in either case have the right to a judgment declaring just what interests in the property were held by each of the parties.

ID. — INSUFFICIENT ANSWER — CONTRACT TO CONVEY — DEMURRER. — An answer setting up that the defendant has a contract from the grantee of plaintiff's decedent for the purchase of the land in controversy, upon payment of certain sums of money, which does not allege that the defendant has paid any part of the purchase-money, nor show any excuse for non-payment, nor that upon a settlement of accounts with such grantee he would be entitled to any application of payment upon the land, does not show any equitable title, and a demurrer to such answer is properly sustained.

ID. — ANOTHER ACTION PENDING — DISSOLUTION OF PARTNERSHIP. — An
allegation in the answer that another action is pending between the
parties for dissolution of a copartnership and settlement of accounts is
immaterial, and cannot bar the right of plaintiff to have his title or in-
terest in the property in controversy determined in an action to quiet
title.

APPEAL from a judgment of the Superior Court of
Fresno County.

The facts are stated in the opinion of the court.

*J. C. Bates, Henry E. Highton,* and *Milton E. Babb,* for
Appellant.

*L. D. McKissick, Walker C. Graves, Wilson & Wilson,
Joseph Naphtaly,* and *P. D. Wigginton,* for Respondents.

WORKS, J. — The respondent, as administrator with
the will annexed of the estate of Charles McLaughlin,
brought this action to quiet the title to several tracts of
land. Each tract of land in controversy is made the
subject of a separate count of the complaint. Each of
the counts after the first refers to the first count, and
alleges that certain paragraphs therein which are neces-
sary to the sufficiency of each count are true, instead
of restating such facts. The complaint was unverified.
There was a demurrer to the complaint on several
grounds; among others, that the same did not state
facts sufficient to constitute a cause of action, and that
the several causes of action were improperly joined.
The demurrer was overruled. The defendant Harper,
who alone appeals, answered by a general denial, and by
way of affirmative defense set up that he and the de-
ceased Hildreth entered into a contract of copartnership
for the purpose of "buying and selling cattle, and of buy-
ing and selling cattle ranches." This contract is set out
as a part of the answer, and contains this clause: "The
purchase of lands shall be confined to the lands in Fresno
County known as the Hildreth and Jones ranches, and

the lands adjacent thereto, of which said lands said copartners have already purchased the E. ⅟ Hildreth rancho, which now stands in the name of Thomas Hildreth, and have contracted to purchase the said Jones rancho; and it is covenanted that one undivided half of said lands now standing in the name of Thomas Hildreth shall, upon the payment to him of one half of the cost price and expenses for the purchase thereof, be conveyed by him to said Harper, on request, by good and sufficient deeds thereof, the said cost price to include interest at the rate of one per cent per month." The Hildreth ranch named in the contract is the lands in controversy in this action.    It is further alleged that the plaintiff's decedent had at the time of his death no other or different title or interest in the real estate than such as he obtained by virtue of certain deeds of conveyance from said Hildreth, absolute in form, but which were in fact mortgages to secure the payment of a certain sum of money.    It was also averred that an action was pending between said defendant and the defendant Hildreth's executrix for the settlement of said partnership affairs, to which the plaintiff was a party.    The plaintiff demurred generally to the first count of the answer, which, as we have said, was a general denial, and also demurred thereto on the special ground that it did not "state facts sufficient to constitute a cause of action in this, that it does not allege or set forth any title or claim in or on behalf of said defendant to the real estate described in the complaint, or any part thereof, nor does the said defendant in his said first defense, as set forth in said amended answer, disclaim any interest or estate in the property described in the complaint."    There was also a demurrer to the affirmative answer, on the ground that it did not state facts sufficient, and on the ground of ambiguity in several particulars specifically stated. There was also a general demurrer to the whole answer. The demurrer to the answer was sustained, and the de-

fendant declining to answer over, judgment was entered against him, and he appeals.

The first point made by the appellant is, that an action to quiet title to real estate cannot be maintained by an administrator, for the reason that he has no title to the property, conceding title in the decedent at the time of his death. If it be conceded that, in order to maintain an action of this kind, the party bringing the action must have title in the property, the argument would have much force. But we do not understand this to be so. The code provides: "An action may be brought by any person against another, who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim." (Code Civ. Proc., sec. 738.) The letter of this section would authorize any person to maintain the action whether he himself had any interest in the property or not. We are not, however, inclined to give it this broad construction. But it is clearly not necessary that he have title to the property. If he has the right to possession, and another is claiming an estate or interest adverse to such right, he may maintain the action. The language of the code is broad enough to cover every interest or estate in lands of which the law takes cognizance. (*Pierce* v. *Felter*, 53 Cal. 18; *Stoddart* v. *Burge*, 53 Cal. 398; *Smith* v. *Brannan*, 13 Cal. 107; *Liebrand* v. *Otto*, 56 Cal. 247.) An administrator has an interest in the decedent's real estate, within the meaning of this statute, and if another is asserting a claim adversely to such interest, he may maintain the action. (Code Civ. Proc., sec. 1452; *Curtis* v. *Sutter*, 15 Cal. 259, 264.)

It is further contended that there was a misjoinder of causes of action, in that the plaintiff sought in the same complaint to quiet the title to several tracts of land not contiguous to each other. There is no force in this contention. There is no reason, where the adverse claimants are the same as to each, why the rights of the

parties in several tracts of land should not be adjudicated in the same action. Indeed, we think the adverse parties would have had a much better cause of complaint if separate actions had been brought on account of each tract. The fault of the complaint is, that it is made unnecessarily long by pleading for each of the tracts of land in separate counts. They should have been all included in one count. But this fault did not affect the substantial rights of the appellant, except as to the additional cost caused thereby, which the plaintiff should be required to pay.

It is also claimed that all of the counts of the complaint, except the first, are bad, for the reason that instead of alleging the necessary facts they aver that certain paragraphs of the first count are true. This is a slovenly mode of pleading, only convenient to the attorney who writes the pleading, and very inconvenient to opposing counsel and the courts, and should not be tolerated. Each count of a pleading must state a cause of action, and be complete within itself, without reference to any other count; but, as we have said, in this case separate counts were not necessary, and for that reason the cause should not be reversed on this ground.

The appellant insists that the court below erred in sustaining the demurrer to his answer, and rendering judgment against him. This depends upon whether an answer of general denial to an unverified complaint puts in issue any material fact in an action to quiet title. Counsel for respondent contend, with seeming confidence, that such an answer presents no issue to be tried. This is based upon the theory that in this class of cases the only course for a defendant to take is to set up affirmatively his adverse claim to the land or disclaim. They cite in support of this position *Tompkins* v. *Sprout,* 55 Cal. 36; *People* v. *Center,* 66 Cal. 551. These cases do not support the position taken by the respondent. They simply hold that, in order to maintain his defense on

the ground of an adverse claim, a defendant must set up such claim, and that the owner in possession may require the nature and character of the adverse estate or interest to be produced, exposed, and judicially determined. But the basis of his right to require the adverse interest to be produced and adjudicated is his own interest in or ownership of the land. This is the one thing necessary for him to prove in order to make out his case. If it is denied, a material issue is raised, which casts upon him the burden of proving such interest or ownership. Until he does this, the defendant is not called upon to produce or prove his claim. Therefore the general denial put in issue a fact necessary to the plaintiff's recovery, and the demurrer to it was improperly sustained. (*City of San Diego* v. *Allison*, 46 Cal. 167; *Elder* v. *Spinks*, 53 Cal. 294; *Flint* v. *Dulany*, 37 Kan. 335.) In this case the denial put in issue another material allegation of the complaint. The action being by an administrator, it was necessary for him to allege and prove that he was such administrator, and it having been denied, he was not entitled to judgment without such proof. It has been held by this court that a denial casts upon the plaintiff the burden of proving that the defendant's adverse claim is unfounded. (*Elder* v. *Spinks*, 53 Cal. 294; *Tompkins* v. *Sprout*, 55 Cal. 35.) The correctness of the rule that a plaintiff must prove, under a general denial, either that the defendant claims an interest in the land, or that his claim is unfounded, may be a matter of question; but there is no question in our minds that such an answer renders it absolutely necessary for him to prove his own title or interest in the land, and that without such proof he is not entitled to judgment.

The question as to the sufficiency of the special answer of the defendant presents a more difficult question. The respondent attacks it on the ground that the same set up that the only interest in the property was

by way of a mortgage in the form of a deed, and that there was no offer to redeem shown or tender of the money due; and that such offer to redeem or tender was necessary to entitle him to relief in equity or deprive the plaintiff of his right to possession under the deed. This might be so if this were an attempt to defeat the mortgage, but it is not. On the contrary, the defendant asserts that the plaintiff has a valid mortgage, and that it is unpaid, and alleges a claim to the property in himself, by way of a contract to convey the same to him by the plaintiff's mortgagor. The position taken by counsel shows, it seems to us, an entire misapprehension of the object and effect of an action of this kind. It is not necessary to the right of a defendant to recover in this kind of action that he should show that the plaintiff has no title or interest in the property. If the plaintiff claims a fee-simple, he may show that he has nothing more than a lien or any interest less than he claims, and that he, the defendant, has an interest also, either paramount or subordinate to that of the plaintiff, and the decree of the court should declare the rights of the parties in the property accordingly. If the defendant had an equitable title to one half of the property in controversy, whether that interest was subject to the mortgage of the plaintiff or paramount to it, he had a right to have it so decreed and the interest of the plaintiff declared; and a judgment against him on the demurrer that he had no right, title, or interest in the property would have been erroneous if the answer had been sufficient in other respects.

But the answer is not sufficient in other respects. It fails to show any equitable title in the defendant. The agreement under which he claims provided that he was to have an undivided half of the Hildreth rancho deeded to him upon payment to Hildreth of one half of the cost price and expenses for the purchase thereof, the said cost price to include interest at the rate of one per cent

per month. There was no allegation that the defendant had paid this purchase-money, or any part of it, nor was any excuse shown by the answer for not having done so. There was an allegation that an action was pending between the defendant and the administrator of the 'said Hildreth to dissolve the copartnership and settle its accounts, and to have this property sold, and the proceeds thereof first applied to the payment of plaintiff's claim, and that plaintiff was a party to that suit; but there is no allegation that upon a settlement of the accounts the defendant would be entitled to any interest in the land, or that there would be anything due him that should have been applied to the payment of the amount agreed to be paid by him for the one-half interest therein, whereby he was equitably entitled to an interest in the land. For this reason this count of the answer was bad, and the demurrer to it was properly sustained.

Counsel for respondent has contended that the deed under which plaintiff claimed was a deed of trust, and not a mortgage. As the case may have to be tried on going down, we may say that we regard it as a matter of no consequence as to the sufficiency of the answer whether it was a mortgage or a deed of trust requiring that the land be applied to the payment of the amount due the plaintiff. The defendant would in either case have the right to a judgment declaring just what interests in the property were held by each of the parties. The allegation of another action pending between the parties was immaterial, and added nothing to the answer. Such an action pending could not bar the right of the plaintiff to have his title or interest in the property, whatever it might be, determined in this action.

Judgment reversed, and cause remanded, with instructions to the court below to allow the plaintiff and defendant Harper to amend their pleadings, if they so desire.

PATERSON, J., SHARPSTEIN, J., and FOX, J., concurred.

BEATTY, C. J., concurred in the judgment.

MCFARLAND, J., concurring.—I concur in the judgment, and in the opinion of the court, except that part of it which states that "each count of a pleading must state a cause of action, and be complete within itself, without reference to any other count." There are cases where several counts are proper and necessary, and where numerous averments of the same facts are necessary to the completeness of each count. In such cases, where the averments of such facts in the first count are referred to in the succeeding counts in a clear and methodical manner, and incorporated by such reference, I see no necessity of rewriting them several times, and thus making the complaint unnecessarily cumbersome. It should be done, of course, clearly, and without uncertainty in the reference; but I do not think that the rule should be laid down that it cannot be done at all.