[L. A. No. 1032. Department Two.—October 13, 1902.]

## G. L. COOPER, Appellant, v. JAMES BIRCH, Respondent.

QUIETING TITLE — PLEADING — RIGHT TO PURCHASE — ARGUMENTATIVE AVERMENT.—In an action to quiet title, an averment that the plaintiff is the owner of a right to purchase from the defendant certain described real estate is of a conclusion of law, and is a mere argumentative averment which is not the equivalent of an averment of the ultimate fact of title to the land.

ID.—CONSTRUCTION OF CODE—EXECUTORY CONTRACT.—Section 738 of the Code of Civil Procedure was not designed to enable one who has an executory contract for the purchase of land to obtain a judicial construction of his contract, and cannot be construed as enabling such person to call in those claiming adversely to his vendor, and compel them to try their claim of title, when a judgment in their favor would not bind the vendor.

APPEAL from a judgment of the Superior Court of Santa Barbara County. John L. Campbell, Judge.

The facts are stated in the opinion of the court.

T. R. Archer, for Appellant.

F. A. Leonard, for Respondent.

TEMPLE, J.—This is an action to quiet title to land. The only allegation in regard to plaintiff's title is as follows: "That the plaintiff is the owner of the right to purchase of

defendant Birch all of the following described real property situated,'' etc. The complaint was demurred to for want of sufficient facts, and also on the ground of uncertainty. The demurrer was sustained, and, plaintiff declining to amend, judgment was entered against him. The ruling was correct. The allegation as to plaintiff's title is a mere conclusion of law. It is not the equivalent of the allegation that plaintiff is the owner, which will be considered the averment of the ultimate fact or as a conclusion of law, according to circumstances. Here the ultimate fact of title to land is not averred.

The only other possible view of the allegation is, that title may be inferred from the fact stated. Argumentative pleading from which the necessary fact might be inferred is not the averment of such fact.

It may be that under some circumstances an action to quiet title may be maintained upon an equitable title. Such was not the case, however, in *Pennie* v. *Hildreth,* 81 Cal. 127, and all that is there said upon the subject is *obiter.* The administrator was not suing to quiet *his* title to the property, but the title which passed by succession to the heirs of McLaughlin. He was suing in his representative capacity as the trustee of an express trust. The title that he represented, and that he sought to have quieted, was the legal title, and not an equity.

Section 738 of the Code of Civil Procedure was not designed to enable one who had an executory contract for the purchase of land to obtain a judicial construction of his contract. Nor ought it to be construed as enabling such a person to call in those claiming adversely to his vendor and compel them to try their claim of title, when a judgment, if in favor of the adverse title, will not bind the vendor.

The judgment is affirmed.

McFarland, J., and Henshaw, J., concurred.