[Civ. No. 1176.  Second Appellate District.—December 9, 1912.]

A. C. ZIERATH, Respondent, v. MARY McCANN, ROSE SPAULDING, L. SPAULDING, and JAMES McCANN, Appellants.

INJUNCTION — INTERFERENCE WITH ACCESS TO RESIDENCE — CLOSING GATES—CUTTING AND OBSTRUCTING WATER PIPES—ACTION FOR DAMAGES INADEQUATE—DAMAGES NOT ASCERTAINABLE.—An action at law for damages is not an adequate remedy for the acts of defendants in nailing up and closing the gates which lead to plaintiff's residence, and thus obstructing his right of way, and preventing ingress to and egress from his dwelling, and in cutting and obstructing the pipe-lines which supply water to plaintiff for domestic use. From such facts, damages the amount of which cannot be ascertained, must necessarily follow; and an injunction is the proper remedy to restrain the defendants from the further commission of such acts.

20 Cal. App.—36

Id.—Omission to Find Title in Plaintiff's Lessor and Solvency of
Defendants not Material.—The omission to find title in plain-
tiff's lessor was not material, since plaintiff was in peaceable pos-
session of the dwelling and of the rights interfered with; and since
such lessor was not a party to the action, his title was not a proper
subject to be litigated therein. The omission to find upon the
solvency of the defendants was not material, since the injury from
their acts was irreparable, and impossible of estimation in damages.
Neither of such omissions in the findings, could affect the injunction
awarded by the judgment.

APPEAL from a judgment of the Superior Court of the
County of Los Angeles. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

J. F. Conroy, for Appellants.

H. H. Appel, for Respondent.

SHAW, J.—Action for an injunction. As shown by the
complaint, plaintiff with his family occupied as a residence
a house located in the rear of one fronting upon a street
of Los Angeles, both of which were inclosed by a fence
through which, by gates and over a walk extending from
the street, plaintiff and his family had means of egress
and ingress to said dwelling. The means of obtaining a
supply of water for use by the occupants of the house
and land connected therewith was by pipes and hydrants
through which it was conveyed. Plaintiff's use of the house
and appurtenances thereto was under and by virtue of a lease
whereby one William F. McCann, alleged to be the owner
of the entire property, demised the same to him for a term
of one year. Defendants nailed up and closed the gates, ob-
structed the right of way extending from the street to the
house, and cut and obstructed the pipe-line through which
the supply of water was furnished plaintiff for domestic use.
Upon these facts, all of which, except the alleged ownership
of McCann, were found by the court, judgment was entered
restraining defendants from a further commission of the al-
leged acts.

Defendants appeal from the judgment, claiming that the
complaint fails to state facts entitling plaintiff to equitable

relief in that he had an adequate remedy at law in an action for damages, and further that an injunction will not be granted to prevent merely threatened or repeated naked trespasses. Conceding the other propositions, there is no merit in the contention that an action at law would constitute an adequate remedy. Closing the gates and otherwise obstructing the right of way, thus depriving plaintiff of the right of ingress and egress to the dwelling, and cutting and otherwise obstructing the water pipes, thus depriving him of a supply of water for domestic use, are allegations of facts from which damages, the amount of which cannot be ascertained, must necessarily follow.

Other errors assigned are that the court failed to find upon the issue of ownership alleged in the complaint to have been in McCann, plaintiff's lessor, and likewise failed to find upon the question of defendants' solvency, put in issue by the pleadings. Since plaintiff was shown to have been in the peaceable possession as occupant of the property, it was immaterial in whom the title was vested. Moreover, McCann was not a party to the suit and the title was not a subject to be litigated therein. Since the injury was irreparable and the damages, as found by the court, of such a character that it was impossible to estimate the same, it was likewise immaterial whether or not defendants were solvent. In no case could the findings have affected the judgment given, and hence the failure to find thereon, even if error, was harmless.

Judgment affirmed.

Allen, P. J., and James, J., concurred.