[Civ. No. 8088. First Appellate District, Division Two.—October 6, 1931.]

L. E. TRISTAM, Respondent, v. JOSEPH F. MARQUES, Appellant.

Jarrett Beckett and Edgar W. Howell for Appellant.

Blackstock & Rogers and Merle J. Rogers for Respondent.

JAMISON, J., *pro tem.*—The complaint in this action contains four counts. The first count sets forth that prior to March 1, 1929, plaintiff purchased certain real property from defendant which had thereon an apartment house consisting of nineteen apartments and appurtenances thereto belonging. That said building was located on a hillside of sharp declivity and was supported by a concrete wall which was necessary to the stability of the building. That said wall inclosed an earthen fill. Then follows a description by metes and bounds of the wall and fill. That defendant, prior to the purchase of said building by plaintiff, represented to him that said wall and fill were included within the exterior boundaries of the property described in the

deed conveying the premises purchased. That in fact the said earthen fill and a portion of said concrete wall were not within the exterior boundaries of the land described in said deed, which facts the defendant well knew. That said earthen fill and portion of said concrete wall were then and now are a necessary portion and appurtenance to said apartment building. That defendant now claims that he is the owner of said earthen fill and portion of said concrete wall theretofore described and threatens to tear out and demolish the same to plaintiff's irreparable injury. That while defendant claims to be the owner of said earth fill and portion of said concrete wall, he has no right or title therein. That plaintiff since March 1, 1929, has been in the sole and exclusive possession of same and is entitled to maintain such possession. That if said concrete wall is destroyed or disturbed, plaintiff's said property will collapse and be destroyed. That defendant is insolvent and could not be compelled to respond in damages.

The allegations of the second count are substantially that at and prior to the time plaintiff purchased said property there existed a flight of concrete steps which afforded a means of ingress and egress to and from said apartments to the right of way described as parcel 3 in said deed. Then follows a description by metes and bounds of the land upon which said steps are located. That said steps are a necessary means for affording ingress and egress to and from said building. That at and prior to the purchase of the said premises defendant represented to plaintiff that the concrete steps were included within the exterior boundaries of the premises described in the said deed. That the said steps were not included in said boundaries, which fact was well known to defendant. That plaintiff relied upon the said representation of defendant. That defendant threatens to tear out and obstruct the use of said steps and unless restrained by an order of this court will carry out said threats to plaintiff of irreparable damage. That defendant claims to be the owner of the land upon which said steps are situated, but that he has no right or title thereto, and that since March 1, 1929, plaintiff has been in the possession and entitled to the possession of the land upon which the said steps are situated.

The third count in substance is to the effect that at and prior to the purchase of said premises there existed as a necessary part of the said building a certain metal stairway constructed as and for a fire-escape, and is and was so constructed that the foot or base of same reached the ground at a point three feet outside of the boundaries described in the said deed. That defendant threatens to, and unless restrained by an order of this court, will tear out and destroy said portion of said fire-escape and render the same useless to plaintiff's irreparable injury. That defendant is insolvent and could not be made to respond in damages. That plaintiff is the owner of said fire-escape with the right to have the same rest as it now stands, and the right to have the use of the ground that serves as its foot or base.

The fourth count of the complaint in substance is as follows: That at and prior to said purchase the south foundation of said apartment building extended into and along the north edge of parcel 3 (presumably outside of the boundaries of the premises deeded to plaintiff) for a distance of about fifty feet along the said north edge for a distance ranging from about five inches to less than one-half inch. That at and prior to the time of the purchase of said building defendant represented to plaintiff that said building and the whole thereof was within the exterior boundaries of the land described in said deed. That plaintiff believed and relied upon the said representation, that said representation was untrue and was so known to defendant. That said foundation is a necessary part of said building and essential to its support and maintenance. That plaintiff has at all times since said purchase been the owner of said apartment building and the land upon which the same rests including said foundation and base and the land upon which the same rests. That defendant claims some interest therein, but such claim is wholly without right. That defendant threatens to, and unless restrained by an order of the court, will destroy, interfere with and obstruct said foundation to plaintiff's irreparable injury.

The relief prayed for is that defendant be enjoined from interfering with said concrete wall and earthen fill, or with the concrete steps, or the fire-escape, and that it be decreed that plaintiff is the owner of the concrete wall and earthen fill, the concrete steps and fire-escape.

Defendant demurred to each of the four counts upon the ground that the facts stated do not constitute a cause of action and upon the further ground for uncertainty in that plaintiff's estate and title is not sufficiently set out, and specially demurred to the second, third and fourth counts on the ground that paragraph one thereof is inferential. On July 14, 1929, the demurrer was overruled and defendant was given ten days to answer and on July 26th, the defendant having failed to answer, the court proceeded with the trial of the case and rendered judgment in favor of the plaintiff and from the judgment so rendered defendant appeals.

■ Appellant contends that no one of the four counts of the complaint states a cause of action. He bases this contention upon the theory that the complaint fails to state facts showing respondent's ownership of the property, the threatened invasion of which he seeks to enjoin. The complaint states that respondent is in possession of the property, that appellant threatens to enter thereon under a claim of ownership and commit irreparable injury to respondent's building. In the case of *Dunker* v. *Field & Tule Club*, 6 Cal. App. 524, 530 [92 Pac. 502, 504], the court quoted with approval the following principle: "But where the person in possession seeks to restrain one who claims by adverse title, the tendency of the court will be to grant the injunction, . . . " ■ Possession is evidence of title. A party may rely upon possession against a mere trespasser. (*Kellogg* v. *King*, 114 Cal. 378 [55 Am. St. Rep. 74, 46 Pac. 166].) Conceding that the complaint shows that appellant is merely a trespasser, yet his threatened acts, as therein set forth, would cause respondent's property to suffer irreparable injury if the said acts were carried into effect. ■ The right to restrain by injunction may properly be exercised whenever from the particular nature of the property affected by the trespass the injury sustained cannot be remedied by an action at law. (*Roberts* v. *Hall*, 147 Cal. 434 [82 Pac. 66]; High on Injunction, 4th ed., 661; *Zierath* v. *McCann*, 20 Cal. App. 561 [129 Pac. 808].) ■ Pleading facts entitling plaintiff to some relief in equity is all that is necessary against a general demurrer. (*Keele* v. *Clouser*, 101 Cal. App. 500 [281 Pac. 1073].) This is not an action to quiet title, but, on the contrary, is an action for injunctive

relief. We are of the opinion the complaint states a cause of action.

Appellant claims that the respondent's estate and title are not sufficiently set forth in the complaint. The basis of this contention is that the description of the land contained in the deed from appellant to respondent is not set forth, but is simply referred to as being the property purchased from appellant and recorded in the official records of Ventura County, California, in volume 250, at page 268, and he cites *Aalwyn's Law Institute* v. *Martin,* 173 Cal. 21 [159 Pac. 158], as authority supporting this contention. That case was an action to quiet title to certain property which was described in the complaint as being contained in certain public records in the city and county of San Francisco. In that case the court said: "It is impossible to tell from the face of the pleading whether or not the public record to which reference is made includes within the property described in a mortgage all of that mentioned in the pleading as 'rights of way', 'terminal lands' and the 'Ocean Shore Railway Property', or only the last named." In that case the real property was the subject matter of the action, in the instant case the property to which reference is made is to a record for its description, is not directly involved, but is incidental to the main issue. Besides it is alleged that it was the property which appellant sold to respondent and such being the case the matter alleged to be uncertain is peculiarly within the knowledge of appellant, and a demurrer for uncertainty will not lie. (*Dow* v. *City of Oroville,* 22 Cal. App. 215 [134 Pac. 197]; *Doe* v. *Sanger,* 78 Cal. 150 [20 Pac. 366].)

Appellant attacks the sufficiency of counts two, three and four for uncertainty upon the ground that they fail to make paragraph one of the first count a part of each of them. That simply stating, as they do, that "all of the allegations in subdivision 1 of the first cause of action herein is true" is not sufficient to make such allegations a part of said counts. He cites *Pennie* v. *Hildreth,* 81 Cal. 127 [22 Pac. 398], in support of this contention. This case holds that each count must state a cause of action complete in itself without reference to any other count. But in the later decisions it has been uniformly held that preliminary averments of a complaint can be made; by apt and express

averments, without being rewritten. (*Green* v. *Clifford*, 94 Cal. 49 [29 Pac. 331]; *Treweek* v. *Howard*, 105 Cal. 434 [39 Pac. 20]; *Clark* v. *Berlin Realty Co.*, 33 Cal. App. 50 [164 Pac. 333].) In the case under consideration paragraph one of the first count was a necessary part of the other counts without which a complete cause of action would not be stated. It must be admitted that the reference therein to the first paragraph of count one was neither apt nor express. However, it cannot be said that appellant was misled to his prejudice by such failure. Under the provisions of section 4½ of article VI of the Constitution this alleged error does not justify a reversal of the case.

Lastly, the appellant contends that the decree is too broad in that title is adjudged to be in respondent to the several parcels which are admitted by the complaint to be outside of the boundaries of the land described in said deed. We do not so construe the language of the judgment. It set forth that respondent is the owner entitled to the possession and in the possession of said parcels as appurtenances of and appertaining to said property described in said deed, and to said apartments. The judgment does not adjudge respondent to be the owner in fee of said parcels, but to be the owner of same as appurtenances with the right to their use and maintenance as such.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.