[Civ. No. 3866.   Fourth Dist.   Jan. 12, 1950.]

MUSCOY MUTUAL WATER COMPANY No. 1, Plaintiff and Respondent, v. L. O. ENLOE, Appellant; CARL JENSEN et al., Cross-defendants and Respondents.

Taylor F. Peterson and P. E. Bingman for Appellant.

Wilson & Wilson for Respondents.

MUSSELL, J.—In this action for an injunction, the plaintiff, a mutual water company, obtained a judgment enjoining the defendant from interfering with its distribution system, pipe lines, gate valves and its distribution of water to shareholders.

The defendant, by virtue of an agreement to purchase, took possession of approximately two acres of land in the area served by the company on the 15th day of June, 1945. Defendant's agreement to purchase the land also included a contract to buy two shares of stock then owned by the vendor and his wife. Plaintiff furnished water to defendant until May 5, 1947, on which date the company ceased to furnish water to him and to others who were not shareholders and closed the gate valve through which defendant had theretofore obtained water. On June 6, 1947, approximately 31 days later, the defendant constructed a concrete box over the gate valve, turned the water on and has received water through the company's system continuously ever since.

The trial court found that plaintiff company was organized for the purpose of supplying water "to and for its stockholders only"; that on December 14, 1945, plaintiff and its shareholders adopted amended by-laws which provide that "no water belonging to said corporation shall be furnished or sold except to the shareholders thereof and that no stockholder shall sell any water furnished or delivered to or received by him from said corporation to any other person or for use upon any other premises than those specified in his application for such water"; that on May 31, 1946, plaintiff, in writing, requested defendant to inform plaintiff "by what right he had theretofore received and was then receiving water from said corporation," as well as to inform plaintiff "respecting the number of shares of said corporation issued to him" to which request the defendant made no reply; that although requested so to do defendant since February, 1946, refused to inform plaintiff "whether any shares thereof had been issued to him" or to inform plaintiff "by what right he had received or was receiving water from said corporation"; that on the 12th day of March, 1947, plaintiff served upon defendant a written notice that defendant "did not appear on the records thereof to be a shareholder and that upon the expiration of thirty days from the date thereof said corporation would discontinue the delivery of water" unless defendant "became a shareholder of said corporation prior to said

expiration date''; that contemporaneously with said notice plaintiff delivered to defendant a written notice ''to be executed by a shareholder of said corporation authorizing said corporation on behalf of such signing shareholder to deliver water to the defendant''; that defendant was not a shareholder on March 12, 1947, and did not become a shareholder until August 1, 1947; that defendant did not within 30 days after March 12, 1947, become a shareholder nor deliver to plaintiff any ''authorization in writing by any shareholder to deliver the water of the latter'' to defendant; that on April 26, 1947, plaintiff served upon defendant a notice in writing that defendant ''was not a shareholder of said corporation''; that he had been requested to present proof that he ''was a shareholder thereof or the nominee of a shareholder thereof, which he failed to do,'' and that on May 5, 1947, the plaintiff ''would close all valves and sever all pipe lines through and by means of which water had theretofore been permitted to flow from the pipe lines of said corporation into the pipe lines'' of defendant; that on May 5, 1947, the plaintiff closed the said gate valve; that on June 6, 1947, the defendant ''turned on said gate valve and thereby permitted water to flow from the pipe lines of said corporation into the pipe lines of defendant'' and constructed ''over said gate valve a concrete obstruction and thereby prevented and at all times thereafter has prevented said corporation from gaining access to said gate valve or from stopping the flow of water from its pipe lines into the pipe lines'' of defendant; that on June 7, 1947, the defendant, in writing, informed plaintiff that he ''had turned on said gate valve and constructed said concrete obstruction''; that on June 9, 1947, the defendant presented to plaintiff a certificate for two shares of its stock endorsed with a transfer thereof to defendant; that said two shares were then encumbered by unpaid assessments and unpaid tolls and charges; that the by-laws of plaintiff forbid the transfer of shares until all assessments, tolls and charges are paid; that defendant paid such tolls and charges and on August 1, 1947, upon such payment, the two shares were transferred on the records to defendant; that defendant was not, prior to August 1, 1947, a shareholder ''nor authorized nor entitled to receive any water from said corporation.''

The facts as found, if true, entitle plaintiff to the injunctive relief sought. (26 Cal.Jur. §§ 777, 778, p. 528; *Allen* v. *Stowell*, 145 Cal. 666, 668 [79 P. 371, 104 Am.St.Rep. 80, 68 L.R.A.N.S. 223]; *Furtado* v. *Taylor*, 86 Cal.App.2d 346, 354

[194 P.2d 770]; *Zierath* v. *McCann*, 20 Cal.App. 561 [129 P. 808].) Where, as here, there was substantial evidence to support the conclusions reached by the trial court, they will not be disturbed on appeal. (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689]; *Dillard* v. *McKnight*, 34 Cal.2d 209, 223 [209 P.2d 387].)

The defendant filed a cross-complaint in which he sought to restrain the water company from shutting off his water supply and disconnecting his pipe lines, for damages to his property and to crops growing thereon. He contends that the water company was estopped to deny his status as a stockholder and his right to receive water because it had furnished water to him without objection since June 15, 1945, and had in fact furnished water to others who were not shareholders during said period. He further contends that he was a stockholder by reason of his status as a purchaser of land within the district served by the plaintiff under a contract of sale which included a covenant to purchase stock in the plaintiff company.

The court found that "any damage sustained by the defendant and cross-complainant from lack of water . . . was proximately caused by the failure of the defendant and cross-complainant to cause the certificates of shares of stock of the plaintiff corporation which were delivered to him on the 29th day of April, 1947, to be transferred to him on the books of plaintiff corporation."

The court also found that defendant could have purchased a share of stock for $25 and that any damage which he alleges he sustained could have been minimized by either "purchasing a share of stock" or by causing a transfer on the books of the plaintiff "of the shares of stock assigned to him" on April 29, or by obtaining "written authorization" from Boone, his vendor, authorizing the delivery of water.

The evidence presented by the defendant to establish an estoppel is far from sufficient to accomplish that purpose. The corporation has never refused to deliver water to defendant if he would comply with its regulation by becoming a shareholder of record or obtain a written authorization of delivery of water to him. There is nothing unreasonable in these requirements as the articles of incorporation of plaintiff company limited delivery of water to "stockholders only." Defendant, to become a shareholder, was required to be a

"holder of record of shares." (Civ. Code, § 278, now Corp. Code, § 103.)

On April 29, 1947, defendant obtained certificates evidencing two shares of the capital stock of the plaintiff company. These shares were subject to a lien for an unpaid assessment, water tolls and charges, and defendant did not deliver these certificates to plaintiff until June 9, 1947, and did not pay the assessment and charges until August 1st of that year, at which time the defendant obtained a certificate from the plaintiff showing his ownership of record of the two shares. By delivering the stock certificates representing these two shares to the plaintiff, charges paid, defendant could have become a shareholder and entitled to receive water as such. Apparently, defendant made no effort to secure a written authorization from his vendor under his purchase contract, who was a shareholder, for the delivery of water pursuant to the regulations of the plaintiff company. The record does not contain evidence of deception sufficient to create an estoppel. (*Verdugo Canyon Water Co.* v. *Verdugo*, 152 Cal. 655, 674 [93 P. 1021] ; Code Civ. Proc., § 1962, subd. 3.)

The judgment is affirmed.

Griffin, Acting P. J., concurred.