[L. A. No. 216.   Department Two.—April 9, 1897.]

# H. R. ADAMS, APPELLANT, *v.* J. S. CRAWFORD ET AL., RESPONDENTS.

JURY TRIAL—RULE OF COURT—DEPOSIT OF JURY FEES BY PARTY DEMANDING JURY—WAIVER—TRIAL BY COURT.—A rule of the superior court requiring that the party demanding a jury trial shall deposit the jury fees with the clerk within five days after making such demand, and that, should the trial continue more than one day, the party demanding the jury shall deposit with the clerk, before the opening of the court on each day, the jury fees for each day so occupied in the trial, is reasonable, and if no deposit is made or tendered as required by the rule, the jury is waived, and the cause may be tried by the court without a jury.

ID.—ACTION TO QUIET TITLE—DEMAND OF JURY AT TRIAL—FAILURE TO MAKE OR TENDER DEPOSIT—NATURE OF ACTION IMMATERIAL.—Where an action to quiet title was set for trial, and no jury had been demanded or ordered for the trial of the cause, and a jury was first demanded by the plaintiff after the cause was called for trial, and the parties had announced themselves ready, and no deposit of jury fees was then made or offered, or had, at any time, been made or offered by the plaintiff, it is not error to refuse a jury trial on account of the failure of plaintiff to comply with the reasonable rule of the court; and it need not be determined whether such an action is, in its nature, equitable or not.

MINING CLAIM—EFFECT OF DISCOVERY—LOCATION ESSENTIAL—VALID LOCATION BY OTHER PARTIES—TITLE.—The discovery of a mining claim vests no right or title to the property, and is but one step in acquiring title to a mining claim, and must be followed by a location, which con-

sists of the marking of the claim by monuments so that its boundaries can be readily traced, the posting of a notice thereon, and, where the state or district law requires it, the recording of such notice; and where the discovery of the claim is first made by two persons, and a valid location of claims extending each way from the point of discovery is first made by other persons, the title of such locators will prevail as against the first discoverers of the claim.

ID.—PLACING OF MONUMENTS—CONFLICTING EVIDENCE—FINDINGS.—Where there is conflicting evidence as to the marking of the locations by monuments, and there is affirmative testimony that monuments were erected at the center of each end of the two claims, and also at each of the four corners of each of the claims, and that notices of location were posted on the initial monument of each of the claims, and that the notices were duly recorded, the findings of the court in favor of the ownership of the locators cannot be disturbed upon appeal.

ID.— CITIZENSHIP OF LOCATOR — OBJECTION IN ARGUMENT UPON APPEAL FOR FIRST TIME.—Where the location notice recites that the locator is a citizen of the United States over the age of twenty-one years, and there is no specification of the invalidity of the location upon the ground that he was not a citizen, nor was any objection made to the introduction of the notice in evidence on that ground, the objection that there was no evidence to prove his citizenship is not raised by the record and cannot be considered upon suggestion made in the appellant's brief upon appeal for the first time.

ID.—FINDINGS AS TO OWNERSHIP—ULTIMATE FACTS—PROBATIVE FACTS INCLUDED.—Where the court found as ultimate facts that the plaintiff is not, and was not at any time, the owner of the property described in the complaint, and that the defendants are the owners of said property, the findings are sufficient, and include the finding of all probative facts necessary to sustain the finding of the ultimate facts.

ID.—QUIETING TITLE — PLEADINGS — POSSESSION OF DEFENDANT—DENIAL OF PLAINTIFF'S TITLE—EVIDENCE OF TITLE NOT PLEADED IN ANSWER. Where the complaint, in an action to quiet plaintiff's title to a mining claim, shows that the defendants are in possession, defendants may, under a denial of plaintiff's title, without pleading their own title specifically, disprove plaintiff's title, either by showing that he made no valid location, or that they had made a prior valid location of the claim, which precluded the possibility of a valid location by the plaintiff.

APPEAL from a judgment of the Superior Court of Riverside County and from an order denying a new trial.   J. S. NOYES, Judge.

The facts are stated in the opinion.

*George B. Cole,* for Appellant.

*Wilfred M. Peck, William J. Hunsaker, J. S. Callen,* and *L. Gill,* for Respondents.

HAYNES, C.—This action is prosecuted by the plaintiff to quiet title to a certain mining claim called the "Adams mine." The cause was tried by the court without a jury, and written findings were filed in favor of the defendants. This appeal is from the judgment and from an order denying the plaintiff's motion for a new trial.

Appellant's first contention is that the court erred in denying plaintiff a trial by jury. The record shows that on the day of the trial no jury was in attendance, nor had any been demanded or ordered for the trial of said cause; that after the cause was called for trial and the parties respectively announced that they were ready, the plaintiff for the first time demanded that said cause be tried by jury. The complaint was not verified, and the defendant's answer denied each and every allegation of the complaint.

Rule 28 of the superior court of Riverside county, in which said action was tried, is as follows: "A party demanding a jury trial shall deposit the jury fees with the clerk within five days after making such demand. Should a trial of an action by a jury continue for more than one day, the party demanding the jury shall deposit with the clerk, at or before the opening of the court on each day, the jury fees for each day so occupied in the trial." The plaintiff did not then, nor had he at any time, made or offered to make such deposit. We think the court did not err in denying plaintiff's demand for a jury trial, because the rule of the court above quoted was reasonable and had not been complied with. Therefore we need not inquire whether this particular action was in its nature equitable or not.

Appellant also contends that the evidence is insufficient to justify the findings. This controversy is over a mining claim situated in the Chuckawalla range of mountains, about forty miles northeast from Salton, in Riverside county. The plaintiff and one Bailey discovered the lode on the 12th of April, 1894, but left without making any location. Plaintiff returned to San

Bernardino, but went back on the eighth day of May to locate the claim, and made a location thereon on the ninth day of May, 1894. Prior to the plaintiff's location, namely, on the 28th of April, 1894, the defendants found and located said claim.

At the time the plaintiff and Bailey first discovered the lode in question, they dug down to the depth of eighteen or twenty inches and took out some specimens of ore which the plaintiff took with him to San Bernardino to have tested. A sufficient test was made upon the ground to ascertain that the ore contained gold. Bailey then said he did not want the claim. It appears that Bailey subsequently informed some of the defendants of the discovery made, and gave some directions that might aid them in finding it. They succeeded in finding it, and made their locations at the time above stated; one locating the claim from the discovery northward, and others locating a claim from the same point southward. The court found as follows: "1. That plaintiff was not at the time of the commencement of this action, is not now, and never has been, the owner of the real property described in plaintiff's complaint, or of any part thereof; 2. That the defendants answering herein are the owners of said real property, and of every part thereof."

As a conclusion of law the court decided that the plaintiff take nothing by his action.

The discovery of the ore by Adams on April 12th vested in him no right or title to the property. The discovery is but one step in acquiring title to a mining claim. It must be followed by a location, which consists of the marking of the claim by monuments so that its boundaries can be readily traced, the posting of a notice thereon, and, where the state or district law requires it, the recording of such notice. It is therefore clear that if the defendant's location is valid, the plaintiff acquired no right by his subsequent location, made some two weeks after the location made by defendants.

The testimony on the part of defendants shows that

monuments were erected at the center of each end of
the two claims, and also at each of the four corners of
each of said claims.    That notices of location were
posted on the initial monument of each of these claims,
that the notices were duly recorded, and these notices,
which were put in evidence by the defendant, appear to
be sufficient in every respect.

As against this, the plaintiff and his witnesses in re-
buttal admitted that they found the initial monument
on each claim near the point where the plaintiff had
first discovered ore, but that they "saw" no other mon-
uments, though they looked for them.   The most that
can be said of this rebuttal testimony is that it tended
to raise a conflict with the affirmative testimony given
on the part of defendants, and in such case we cannot
disturb the findings of the trial court.

The claim running northerly from the point of dis-
covery was made by Felix Lohrer.   Counsel for appel-
lant says in his brief: "There was no evidence that
Felix Lohrer was a citizen of the United States, or had
ever made application to become one."   This location
notice recites that he is a citizen of the United States over
the age of twenty-one years.   There is no specification
of the invalidity of his location upon the ground that he
was not a citizen, nor was any objection made to the in-
troduction of the notice on that ground.   This question
was not raised in the court below, nor is it presented
upon the record, and it cannot now be considered upon
the suggestion of counsel in his brief.

Appellant also contends that the court failed to find
upon several issues.   The specifications in that regard
are all of probative facts, such as that the court failed
to find whether the plaintiff made a valid location,
whether the allegations of certain paragraphs of the
complaint were true, and other matters of like charac-
ter.   The court found as ultimate facts that the plaintiff
is not and was not at any time the owner of the prop-
erty described in the complaint, and that the defend-
ants are the owners of said property.   These are the ul-

timate facts in the case, and include the finding of all probative facts necessary to sustain the finding of the ultimate facts.

Several errors are alleged to have been committed by the court in its rulings upon the admission and rejection of evidence. Most of these rulings are upon immaterial matters which could not control or affect the material facts in the case, and therefore need not be noticed. Some others, however, should receive brief attention.

Defendant Crawford was asked by his counsel: "State when you first discovered this claim? A. On April 27, 1894." A general objection was made at this point to what the witness did with reference to any discovery of the mine in question, among other things upon the ground that no such issue was made by the pleadings in the case. The objection was overruled, and the plaintiff excepted. This objection was made to a number of other questions put to the defendants or their witnesses, and like rulings were made.

The complaint was in the usual form in actions to quiet title under section 738 of the Code of Civil Procedure, with the exception that it did not call upon the defendants to set out their interest, title, or claim. The complaint not being verified, the defendants denied generally all its allegations. The objection above noticed seems to be based upon the ground that the defendants did not set out in their answer the facts showing their ownership of the mining ground in dispute, or allege title by location. In support of his contention counsel quotes *Landregan* v. *Peppin,* 94 Cal. 465, where the court said: "And unquestionably it is the duty of the defendant to set out his interest, whatever it may be, when called upon, under this section of the code"; and counsel again quote: " As already suggested, it is well settled that in an action of this character the defendant must set up whatever right of possession he may claim." The facts of that case were peculiar. The plaintiff had judgment in his action to quiet title

against defendant, and afterward moved for an order directing the sheriff to place him in possession of the property. The defendant opposed the motion upon the ground that after the rendition of the decree in plaintiff's action, he obtained judgment on the merits against the plaintiff in an action of ejectment to recover possession of the same land, and also set out the acquisition by himself of an outstanding title created since the action was tried and determined. The court ordered the writ of possession to issue, and from that order the appeal was taken. It is in view of these facts that the language of the court last above quoted was used, the meaning being that where the defendant asserted different rights or sources of title that he should litigate all of them, to the end that all controversies affecting the property as between the parties should be determined. In the case at bar the complaint alleged that the defendants were in possession, and alleged title and ownership in the plaintiff. The defendants being in possession, it is not material to the plaintiff as to whether they were rightfully in possession or not, unless he were the owner and entitled to possession, and, as his right to possession was based solely upon his alleged ownership, the only question material to be determined was as to the validity of his claim of ownership.

Such claim might be determined by showing that he never performed any of the acts necessary to the location of the mining claim, or by showing, if such acts were performed, that a prior location existed which precluded the possibility of a valid location having been made by the plaintiff. Such proof could properly be made under a general denial of the plaintiff's title and right of possession. (*Pennie* v. *Hildreth*, 81 Cal. 127, 131.)

Appellant also alleged that the court erred in overruling his objections to the admission in evidence of the location notices of defendants. These objections were on the ground that they were " incompetent, irrelevant,

and immaterial." But the specifications do not show in what respect they were incompetent, irrelevant, or immaterial, nor does he point out in his brief any ground upon which such objection could be sustained. These notices of location appear to be sufficient in every particular.

Upon a careful examination of the entire record, we find no error which would justify a reversal of the judgment, and advise that the judgment and order appealed from be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., HENSHAW, J.

TEMPLE, J., concurring. I concur. I wish to say, however, that I do not think it is usual, in actions of this character, in the complaint to call upon the defendant to set out his interest, title, or claim. When such matter is contained in a complaint it is simply surplusage. The defendant is not called upon to set up his title, unless that be necessary under ordinary rules of pleading to enable him to introduce the evidence necessary to his defense.

I think in all cases in which the defendant is in possession actions of this character are actions at law, and the legislature cannot convert it into an equitable action by styling it an action to quiet title.