[S. F. Nos. 2021, 2022.  In Bank.—June 19, 1903.]

## UNITED LAND ASSOCIATION et al., Appellants, v. PACIFIC IMPROVEMENT COMPANY et al., Respondents.

## UNITED LAND ASSOCIATION et al., Appellants, v. WILLOWS LAND ASSOCIATION et al., Appellants.

PUEBLO LANDS—VOID DEED BY TIDE-LAND COMMISSIONERS.—A deed by the tide-land commissioners to lands the boundary of which is not carried below the shore-line of Mission Bay at ordinary high tide, and which are contained in the pueblo patent to the city and county of San Francisco, is void, and conveys no title whatever.

ID.—AUTHORITY OF FEDERAL DECISION.—The decision of the supreme court of the United States, upon writ of error to this court, upon the question of federal jurisdiction, that the state had no title to lands included in the patent of the United States to pueblo lands of the city and county of San Francisco, must be regarded as of binding authority on this court.

ID.—CITY NOT ESTOPPED.—Acts consisting merely in the participation of the mayor of the city of San Francisco as a member of the state board of tide-land commissioners, in the survey by which the tide-lands were excluded from the city, and in the approval of the survey and of maps or surveys according therewith by several ordinances,—all of which were prior to the confirmation of the city's title,—cannot constitute an estoppel upon the city.

ID.—TITLE RELIED UPON—OTHER QUESTIONS IMMATERIAL—FINDINGS.—Where the only title relied upon by the appellants consists of deeds of the tide-land commissioners to pueblo lands included in the patent of the United States to the city, the question whether the description in the complaint, or in a so-called possessory or pre-emption claim under the law of the state, which has no application to lands of the city, coincides with the description in the deeds relied upon, and the question whether the city is estopped by a former decision not contained in the record, are immaterial. No findings need be made upon any title other than that derived from the state.

ID.—POSSESSORY CLAIM—EVIDENCE.—The possession of one claiming under the Possessory Act of the state, cannot be extended by construction to the boundaries of his claim within the city limits, and declarations of the claimant as to the nature and extent of his possession under such claim were properly excluded.

ID.—ATTACK UPON CITY'S TITLE—FLOW OF TIDE—EVIDENCE.—It was not error to exclude evidence designed to attack the city's title

under the patent from the United States to pueblo lands by showing the flow of the tide over the land in question, or instructions of the surveyor-general charged with the survey of such land.

ID.—CURE OF ERROR—JUDICIAL NOTICE—ADMISSION OF PATENT.—Any error of the court in assuming to take judicial notice of the patent and its bounds was cured by admission of the patent in evidence.

ID.—DISMISSAL AS TO DEFENDANTS NOT APPEARING—REVIEW UPON APPEAL.—An order dismissing the action as to defendants not appearing is not involved in an appeal from a judgment in favor of defendants who appeared.

ID.—ACTION TO QUIET TITLE—PLEADING—DENIALS OF ANSWER—FINDINGS.—In a suit to quiet title, as in other suits, a denial of the allegations of the complaint is a sufficient answer, and a finding upon such answer, adverse to the plaintiff, is a sufficient finding. The defendant is not called upon to do more than negative the plaintiff's cause of action, unless by alleging title he wishes to avail himself of a jury trial, or unless he seeks to avail himself of an equitable title against the legal title of the plaintiff, which he must specifically plead.

APPEALS from orders of the Superior Court of the City and County of San Francisco denying a new trial. Walter H. Levy, Judge.

The facts are stated in the opinions rendered by the court in Bank and by Department Two.

W. T. Baggett, for Appellants, and Clinton C. Tripp, Appellant *in pro. per.*

The city derived no new title by the patent, and its title rests upon the decree of confirmation, which did not include the lands in controversy. (*San Francisco v. LeRoy*, 138 U. S. 656-671; *Langdeau v. Hanes*, 21 Wall. 521-552; *Montgomery v. Burns*, 1 Saw. 653-677; *Morrow v. Whitney*, 95 U. S. 551; *Tripp v. Spring*, 5 Saw. 212, 213; *United Land Assn. v. Knight*, 85 Cal. 457; *Ohm v. San Francisco*, 92 Cal. 455; *Newman v. San Francisco*, 92 Cal. 379; *San · Francisco v. Itsell*, 80 Cal. 517; *People v. Holliday*, 93 Cal. 241; [1] *Van Reynegan v. Bolton*, 95 U. S. 35; *United States v. Halleck*, 1 Wall. 455; *The Fossat case*, 2 Wall. 649.) The validity of a patent which the government had no authority to convey may be attacked collaterally. (*Carr v. Quigley*, 57 Cal. 395;

---

[1] 27 Am. St. Rep. 186, and note.

*Southern Pacific R. R. Co.* v. *McCusker,* 67 Cal. 67; *Klauber* v. *Higgins,* 117 Cal. 464; *United States* v. *Minor,* 114 U. S. 242.) A state or a municipal corporation may be estopped to deny the validity of acts under which it has received and retained benefits. *(Commonwealth* v. *Andre,* 3 Pick. 284; *St. Louis* v. *Consolidated C. Co.,* 113 Mo. 83; *Los Angeles* v. *Cohn,* 101 Cal. 373; *Resing* v. *Fort Wayne,* 137 Ind. 427; *Paine Lumber Co.* v. *Oshkosh,* 89 Wis. 449.) In this case the plaintiffs have a judgment against the city of San Francisco for part of the lands described in the complaint. The action was one to quiet title. (*San Francisco* v. *Ellis,* 54 Cal. 72.) In *Woolverton* v. *Baker,* 98 Cal. 628,—*Held:* "A judgment is conclusive not only of what was in fact determined but also of all matters which might have been presented in support of the cause of action." Ellis's title under the Possessory Act was valid, and supported the deed or patent issued to him November 24, 1875. (Stats. 1852, p. 158; *Donahue* v. *Gallavan,* 43 Cal. 595; *Le Roy* v. *Cunningham,* 44 Cal. 599; *Stark* v. *Starr,* 6 Wall. 402; *Johnson* v. *Towsley,* 13 Wall. 72.) In an action to quiet title, the defendant must plead his title. (*Landregan* v. *Peppin,* 94 Cal. 465.) In ejectment, the defendant must show title in himself. (*Greenleaf's Lessee* v. *Ruth,* 16 Pet. 302; *Southmayd* v. *Henley,* 45 Cal. 101.)

Mastick, Belcher & Mastick, Boyd & Fifield, W. W. Cope, Edward R. Taylor, Wilson & Wilson, and W. B. Treadwell, for Respondents.

These cases are foreclosed by the decision in *Knight* v. *United Land Assn.,* 142 U. S. 161. The pueblo patent cannot be collaterally assailed. (*Moore* v. *Wilkinson,* 13 Cal. 478; *Chipley* v. *Farris,* 45 Cal. 527; *People* v. *San Francisco,* 75 Cal. 388; *De Guyer* v. *Banning,* 91 Cal. 400; *Valentine* v. *Sloss,* 103 Cal. 215; *Taylor* v. *McGonigle,* 120 Cal. 125, 126; *San Francisco* v. *Le Roy,* 138 U. S. 656; *Knight* v. *United Land Assn.,* 142 U. S. 161; *Cragin* v. *Powell,* 128 U. S. 691, 695.) The plaintiffs are bound by their deraignment of title under the state. (*Gruwell* v. *Seybolt,* 82 Cal. 7.) The Ellis possessory claim was invalid for want of compliance with the Possessory Act. (*Wright* v. *Whitesides,* 15 Cal. 47;

*Coryell* v. *Cain*, 16 Cal. 567, 573; *Cummins* v. *Scott*, 20 Cal. 83; *Hicks* v. *Whiteside*, 23 Cal. 404, 408; *Hawxhurst* v. *Lander*, 28 Cal. 331; *Wolfskill* v. *Malajowich*, 39 Cal. 27; *Crowell* v. *Lanfranco*, 42 Cal. 654; *Anthony* v. *Jillson*, 83 Cal. 296.) The Van Ness Ordinance required actual possession, and no mere constructive possession under a possessory claim could avail under that ordinance. (*Wolf* v. *Baldwin*, 19 Cal. 306; *Polack* v. *McGrath*, 32 Cal. 18; *Walsh* v. *Hill*, 41 Cal. 582; *Davis* v. *Spring Valley*, 57 Cal. 546; *Davis* v. *Perley*, 30 Cal. 630-639, 643; *Judson* v. *Molloy*, 40 Cal. 299, 309; *Pattee* v. *Moyle*, 44 Cal. 363.) There were no facts sufficient to constitute an estoppel *in pais*. (*Boggs* v. *Merced Mining Co.*, 14 Cal. 279, 367, 368; *Davis* v. *Davis*, 26 Cal. 23;[1] *Love* v. *Shartzer*, 31 Cal. 489.) No estoppel is pleaded. (*Davis* v. *Davis*, 26 Cal. 23, 39;[1] *Etcheborne* v. *Auzerais*, 45 Cal. 121; *McKeen* v. *Naughton*, 88 Cal. 462, 467.) The denial of plaintiffs' title was sufficient. (*Adams* v. *Crawford*, 116 Cal. 495, 500.) The judgment in *San Francisco* v. *Ellis* is outside the record on appeal in this case, and cannot be considered.

Franklin K. Lane, City Attorney, and George W. Lane, Assistant, for City and County of San Francisco, Respondent.

The denial by the city and county of the title of plaintiffs, or either of them, was sufficient to throw on plaintiffs the burden of proving title. (*Elder* v. *Spinks*, 53 Cal. 293; *Daly* v. *Sorocco*, 80 Cal. 367; *Pennie* v. *Hildreth*, 81 Cal. 127, 131; *Adams* v. *Crawford*, 116 Cal. 500.) The federal survey for the city's patent is incontestable. (*Knight* v. *United Land Assn.*, 142 U. S. 161.) The city could not alienate its pueblo lands by any wholesale donation outside of actual possession. (*Holliday* v. *San Francisco*, 124 Cal. 352, 356.)

VAN DYKE, J.—A rehearing was granted in these cases on the ground, as claimed by the appellants in their petition for a rehearing, that some portion of the land involved in the controversy lies outside of the pueblo patent line. Both cases relate to the same lands, and were submitted on the same briefs and arguments, No. 2021 being an action to quiet title, and the other an action in ejectment.

---

[1] 85 Am. Dec. 157.

After further argument and a re-examination of the cases, we are satisfied the contention of appellants in their petition on this point cannot be sustained. The plaintiffs and appellants deraign title under two certain deeds from the state tide-land commissioners to George W. Ellis, bearing date November 24, 1875. The first deed offered by plaintiffs, and admitted in evidence, covers the salt marsh and tide-land at and near the mouth of Mission Creek. The other deed embraces land higher up the creek, and of course a considerable distance within the pueblo line, and it will be necessary, therefore, to notice only the first deed. The description in this deed of the two tracts at the mouth of Mission Creek on or near the bay is as follows: "Beginning at the intersection of the northerly line of Eighth Street with the easterly line of Berry Street, thence south 45 degrees E. along the northerly line of Eighth Street, ninety-nine (99) feet and ten (10) inches to the easterly line (if extended) of De Haro Street, thence N. $4\frac{1}{2}$ degrees W. nineteen (19) feet and ten (10) inches to the southerly line (if extended) of Alameda Street, thence at right angles N. $85\frac{1}{2}$ degrees E. two hundred (200) feet to the westerly line (if extended) of Carolina Street; thence at right angles S. $4\frac{1}{2}$ degrees E. 33 feet and five (5) inches to the westerly line of Channel Street ninety-six (96) feet and ($1\frac{1}{2}$) one and a half inches to the shore line of Mission Bay at ordinary high tide, thence along said shore line N. $29\frac{1}{2}$ degrees W. one hundred and seventy-two (172) feet and eleven (11) inches to the westerly line (if extended) of Carolina Street; thence S. $4\frac{1}{2}$ degrees E. one hundred and nineteen (119) feet nine (9) inches to the northerly line (if extended) of Alameda Street; thence S. $85\frac{1}{2}$ degrees W. two hundred (200) feet to the easterly line (if extended) of De Haro Street, thence N. $4\frac{1}{2}$ degrees W. forty-five (45) feet four and one-half ($4\frac{1}{2}$) inches to the easterly line of Berry Street, thence S. 45 degrees W. along the easterly line of Berry Street eighty-five (85) feet and three (3) inches to the point of beginning. Being a tract of salt marsh adjacent to Mission Bay, comprising a part of block numbered forty (40), and containing an area of twenty-five thousand four hundred and sixty (25,460) square feet. Also beginning at a point on the westerly line of Berry Street distant fifty (50) feet and

six (6) inches northeast of Eighth Street; thence N. 45 degrees E. along the westerly line of Berry Street one hundred and five (105) feet and two inches to the easterly line (if extended) of De Haro Street; thence along the same N. $4\frac{1}{2}$ degrees W. two hundred and six (206) feet and one and one-half ($1\frac{1}{2}$) inches to the southerly line of Channel Street; thence at right angles along the southerly line of Channel Street S. $85\frac{1}{2}$ degrees W. eighty (80) feet to the westerly line (if extended) of De Haro Street; thence along the same S. $4\frac{1}{2}$ degrees E. two hundred and seventy-four (274) feet and five (5) inches to the point of beginning. Being a tract of salt marsh near Mission Bay comprising a part of block numbered forty-one (41) and containing an area of nineteen thousand two hundred and twenty (19,220) square feet.''

It will be seen from the foregoing that at no point in the description contained in this deed is the boundary carried below the shore-line of Mission Bay at ordinary high tide, or, in other words, below the pueblo patent line at that point. The other described parcels in this deed—as well as all of the parcels contained in the other deed—are still further up Mission Creek, and of course cut no figure in the question under consideration.

Whether the description in the complaints, or either of them, or in the so-called possessory or pre-emption claim of Ellis, coincides in every particular with that contained in the deed referred to is quite immaterial; the only title relied upon by the plaintiffs and appellants is that purporting to have been conveyed by the deeds, and the described premises being entirely pueblo lands these deeds of the tide-land commissioners conveyed no title whatever. (See authorities contained in the department opinion.) The other points noted in the petition for rehearing will not be considered, as they are sufficiently covered by the opinion in department, which opinion is hereby adopted.

The orders appealed from are affirmed.

Angellotti, J., McFarland, J., Shaw, J., Lorigan, J., and Henshaw, J., concurred.

The following is the opinion rendered in Department Two, in case No. 2021, August 22, 1902. (Case No. 2022 was

decided in Department Two on the same day, upon the authority of the following opinion.)

THE COURT.—This is a suit to quiet title to lands in the city and county of San Francisco. Judgment was rendered in the lower court against the plaintiffs, who appeal from an order denying their motion for new trial. The plaintiffs deraign title under a deed of the state tide-land commissioners of date November 24, 1875, at which time, it is alleged, the state was the owner of the land in question. The court found, in effect, that the state was not then, or at any time, the owner of the land; and the principal question involved is as to the correctness of this finding. The same question, upon the same state of facts, was involved in the case of these plaintiffs against Knight (85 Cal. 448), which was taken by writ of error to the supreme court of the United States, where the decision of this court was reversed, and the question decided adversely to the plaintiffs. (*Knight* v. *United Land Assn.*, 142 U. S. 161.) This decision, being in a matter of federal jurisdiction, must be regarded as of binding authority on this court (*Belcher* v. *Chambers,* 53 Cal. 636; *San Benito Co.* v. *Southern Pacific R. R. Co.,* 77 Cal. 518); and it must therefore be held, as found by the lower court, that the state had no title to the land in question when it conveyed to the plaintiffs' predecessors.

It is indeed contended by the appellants that the acts of the city with reference to these lands were such as to estop it from claiming them as against the state, or its subsequent grantees, but this contention cannot be sustained. The acts relied on—all of which were prior to the confirmation of the city's title—consisted merely in the participation of the mayor of the city as a member of the state board of tide-land commissioners, in the survey by which the tide-lands were excluded from the city, and in the approval of the survey, and of maps or surveys according therewith, by several ordinances. But none, nor all, of these acts could constitute an estoppel. (*Boggs* v. *Merced Mining Co.,* 14 Cal. 367, 368; 1 Notes on Cal. Rep., pp. 654 et seq.; *Love* v. *Shartzer,* 31 Cal. 489.) There was also admitted in evidence a deed from the state board of tide-land commissioners to the city, of date November 5, 1875,

which is referred to in the appellants' brief as one of the facts working the estoppel; but as the deed does not appear in the record, nor any statement of its contents, it cannot be perceived that it has any bearing on the case.

It is further urged by the apellants that the title to the land in question became vested in Ellis, their predecessor in title, under the Van Ness Ordinance and ratifying statutes; and as to a portion of the land, that the city is estopped by the decision in the case of *San Francisco* v. *Ellis,* 54 Cal. 72. But as to the latter point, the record does not appear in the statement, and hence nothing can be known of its effect, or as to what lands are affected by it, and as to the former, there is no evidence of possession by Ellis other than his having a house and some adjacent improvements somewhere on the land; nor could his possession be extended by construction to the boundaries of his claim under the state Possessory Act (Stats. 1852, 158); which could have no application to lands of the city. Nor is there anything in the objection that there is no finding on either of these points. The only title set up in the complaint is that derived from the state, and there was no occasion for finding as to any other.

The above considerations dispose also of objections to rulings of the court as to exclusion or admission of evidence. Thus, there was no error in excluding declarations of Ellis as to the nature and extent of his possession,—the object being to extend his possession by construction to the boundaries of his possessory claim, which, as we have said, could not be done. Nor was it error to exclude evidence as to the flow of the tide over the land in question, or of the instructions of the surveyor-general to the surveyor charged with the survey of the grant, or of other matters, designed to show the invalidity of the city's title.

The appellants also complain of the statement of the court, made on the trial, that it would take notice of the patent, and of the fact that it included in its bounds the land in controversy. But assuming that this was an erroneous view on the part of the court as to the extent it was permitted to take judicial notice of the facts stated (*Goodwin* v. *Scherer,* 106 Cal. 694), yet it must be regarded not as a ruling, but as merely the grounds of the ruling that evidence of the

overflow of the tides was inadmissible; and the effect of the statement, whatever it may have been, was afterwards removed by the introduction of the patent in evidence, from which, and the maps in the record, and the description of the land in the complaint, it fully appears—as was indeed stated on the trial by the appellants' counsel—that the land in question is so included.

Other points made by appellants are, that the order of the court dismissing the suit as to defendants was erroneous, and that the defendants' titles are not set out in the answers or in the findings. But as to the former point, the judgment is in favor of the defendant who appeared only, and the order of dismissal as to the other defendants is therefore in no way involved in this appeal. As to the other point,—assuming that an objection to the pleadings could be considered on an appeal from the order denying a motion for new trial, and that the objections to the answers were not waived by failure to demur specially,—we are yet of the opinion that in a suit to quiet title, as in other suits, a denial of the allegations of the complaint is a sufficient answer, and a finding upon the issues thus raised, if adverse to the plaintiffs, a sufficient finding. (Code Civ. Proc., sec. 437; *Pennie* v. *Hildreth,* 81 Cal. 130; *Adams* v. *Crawford,* 116 Cal. 500; *Martin* v. *Lloyd,* 94 Cal. 195.) This, of course, implies that if possession be alleged, the fact of possession, as well as that of title, must be negatived; and it may be also that a defendant, in order to avail himself of his right to a jury trial, if he have it, should allege his title (*Landregan* v. *Peppin,* 94 Cal. 467); and so, for the defendant to avail himself of an equitable title as against the legal title of the plaintiff, it should be specifically pleaded. But otherwise he is not "called upon" to do more than to negative the plaintiff's cause of action.

For the reasons given the order appealed from must be affirmed, and it is so ordered.

Rehearing denied.