[Crim. No. 212.   Third Appellate District.—July 20, 1906.]

P. S. DORRIS and WM. J. DORRIS, Respondents, v. LAURA J. McMANUS and MARTHA S. McCONNELL, Appellants.

ACTION TO QUIET TITLE—PLEADING—GENERAL DENIAL—ISSUE AS TO TITLE—CONCLUSION FROM PROOF.—In an action to quiet title, a general denial to an unverified complaint merely puts in issue the plaintiff's title, and not the averment that any claim of the defendant is without right. If plaintiff proves his title, and no affirmative defense is shown, it necessarily follows from such proof that any claim of the defendant is without right, whether adverse or not.

ID.—BURDEN OF PROOF UPON EACH PARTY—FINDINGS IN ABSENCE OF PROOF.—The burden is upon plaintiff to prove his title, if put in issue, and is upon the defendant to prove any adverse claim pleaded by him, and if plaintiff's title is shown, and no proof is offered of the adverse claim pleaded, the findings must be for the plaintiff, and against the defendant.

ID.—DEFENSE—CONVEYANCE IN FRAUD OF CREDITORS—FINDINGS.—Where defendants, who were creditors of plaintiff's grantor, pleaded that the conveyance from him was in fraud of creditors, and pleaded actions pending by them as creditors, and asked to have the action stayed until judgments should be recovered, upon which the

conveyance might be set aside for such alleged fraud, where no proof was offered by them of such fraud upon creditors, the court was free to find that their claim was adverse to the plaintiffs, and was without right, and where plaintiffs unnecessarily proved the entire good faith of the transactions culminating in their title, free from any taint of fraud, the court was authorized so specially to find.

ID.—GENERAL AND SPECIAL FINDINGS—CONSISTENCY—SUPPORT BY EVIDENCE—TECHNICAL RULES OF LAW INAPPLICABLE.—A general finding of title in the plaintiffs, and special findings in relation to the deraignment of title in plaintiffs, assailed by the defendants for fraud, and that such title is untainted by fraud, are consistent, and it is sufficient that all of the findings, general and special, for the plaintiffs are fully supported by the evidence, and that technical rules of law relied upon by the defendants, though entitled to recognition, are without merit under the facts and circumstances proved.

APPEAL from a judgment of the Superior Court of Modoc County, and for an order denying a new trial. N. D. Arnot, Judge presiding.

The facts are stated in the opinion of the court.

Charles W. Slack, and John W. Bourdette, for Appellants.

G. F. Harris, Gillis & Tapscott, and Jamison & Adams, for Respondents.

CHIPMAN, P. J.—Action to quiet title. Plaintiffs had judgment from which and from the order denying their motion for a new trial defendants Laura McManus and Martha S. McConnell appeal.

There are numerous defendants, none of whom appeal, except the defendants Laura McManus, Martha McConnell and Charles Bohnert, the latter of whom appealed on separate transcript (No. 207, Sac. No. 1339). We affirmed the judgment and order in that appeal on May 15, 1906. (*Dorris* v. *McManus*, 3 Cal. App. 576, [86 Pac. 909].) The present appeal is presented by different counsel who urge points not made in the Bohnert appeal and for this reason alone we again examine the case.

The complaint is unverified and contains the usual averments that defendants claim an estate or interest in the lands adverse to plaintiffs, and that such claim is without right.

Plaintiffs further aver "that by means of the false representations and pretenses aforesaid of the said defendants, and each and every of them, the plaintiffs, and each of them, are greatly embarrassed in the free enjoyment, use and disposition of their said described lands," and that plaintiffs' interest in said lands is "greatly depreciated by reason of the probability of title in the said defendants, or some of them, resulting from and growing out of said false and pretended claims of the said defendants."

Defendant McManus answered, denying generally the allegations of the complaint; also averring that on December 14, 1900, this defendant commenced an action against Presley A. Dorris and Carlos J. Dorris, copartners as P. A. Dorris and Brother (through whom plaintiffs deraign title) upon a promissory note executed by them, which action is now pending; that in the event defendant obtains judgment in said action, she intends to institute suit to set aside the conveyance of the lands described in the complaint, on the ground that when transferred to plaintiff said lands belonged to the said Pressley A. and Carlos J. Dorris and that the said transfers to plaintiffs were procured to be made for the purpose of hindering and delaying the creditors of the said Pressley A. and Carlos J. Dorris. Defendant prayed that the action as to her be not tried until the said action upon the said promissory note is tried and determined and that defendant recover her costs.

Defendant McConnell in her answer denied the averments of the complaint specifically except that she did not deny that she claimed some interest in the property adverse to plaintiffs. She alleged a similar defense to that set up by defendant McManus as a creditor of P. A. and C. J. Dorris; she denied that her claim or interest was without right, but neither she nor defendant McManus specifically alleged or claimed any interest in the land and neither of them set forth any title or claim otherwise than such as might arise, should they become judgment creditors of P. A. and C. J. Dorris, partners, as P. A. Dorris and Brother.

The court found that since June 29, 1900, plaintiffs have been and now are the owners of the title in fee simple of the land in question; "that the said defendants and each of them, claim an estate therein, adverse to plaintiffs," but that such claim is without right. The court then finds the facts specifi-

cally negativing the allegations of plaintiffs' title, tracing it through one Jerome Churchill, who for many years prior to June 20, 1900, had loaned the said firm of Dorrises large sums of money and had held deeds to the said land and other property belonging to the said Dorrises as security therefor; that the said firm was unable to pay this large indebtedness and on the date last named the said Churchill and the members of said firm had a full settlement by which it was agreed that the title should remain in said Churchill to all said property in consideration of the said Churchill fully discharging all claims against said firm and that thereupon on said date said members of said firm released and quitclaimed all their interest in said property to said Churchill; that the said Churchill paid full consideration "and more than said property was worth"; that the said transfer was not fraudulent, nor for the purpose of delaying creditors of said firm, but was made "in good faith for a good and valid and ample consideration." The court also found that on the date of the transfer of said lands to plaintiffs, to wit, on June 29, 1900, neither P. A. nor C. J. Dorris, nor the said copartnership, "had any right, title, interest or estate, either legal or equitable in said real estate . . . but that . . . the whole thereof, both legal and equitable belonged to and was vested in fee in the said Jerome Churchill"; that "by the false and pretended claims of defendants (naming all of them) . . . plaintiffs . . . are greatly embarrassed in the free enjoyment, use and disposition of their real estate," and are thereby rendered unable to sell or dispose of the same except at greatly depreciated values and at great loss to plaintiffs.

1. Appellants contend that the allegation of the complaint as to defendants' claim of interest in the land adverse to that of plaintiffs was essential in this form of action; citing *Lawrence* v. *Getchel* [(Cal.) 4 Pac. 544], and cases from other jurisdictions; and that the allegation having been denied, it was incumbent on plaintiffs to prove it; citing *Pennie* v. *Hildreth,* 81 Cal. 127, [22 Pac. 389]; *Adams* v. *Crawford,* 116 Cal. 495, [48 Pac. 488]; *United Land Assn.* v. *Pacific Improvement Co.,* 139 Cal. 370, [69 Pac. 1064, 72 Pac. 988]. Also the allegation that the claim of defendants is without right being denied, it also must be proved by plaintiffs; citing *Tompkins* v. *Sprout,* 55 Cal. 31. The findings in favor of plaintiffs upon these allegations are challenged as unsupported

by any evidence and that, therefore, the judgment and order should be reversed. Defendant McConnell, by her special denials, failed to deny that she claimed some interest in the land adverse to plaintiffs, but defendant McManus by her general denial raises the question.

If defendants' denials are to be treated as general to the unverified complaint, they merely put in issue the title to the land. (*Pennie* v. *Hildreth,* 81 Cal. 127, [22 Pac. 389]; *Adams* v. *Crawford,* 116 Cal. 495, [48 Pac. 488].) We think, however, that these defendants (appellants) have pleaded such claim as they had, shadowy though it in fact was (see Pohnert's appeal), and on which they offered no proof whatever. They alleged fraud in the conveyance to plaintiffs and set up a right to have the action suspended until they could have their claim against the Dorrises, through whom plaintiffs deraign title, ripen into judgment, to be followed by an action to set aside plaintiffs' conveyance. Without a judgment they were in no position to attack the deed for fraud (*Aigeltinger* v. *Einstein,* 143 Cal. 609, [77 Pac. 669]); but they refused to disclaim any right or interest and asserted all the title or right they had, as called upon by plaintiffs to do, and though unavailing, conjectural and uncertain, it was yet an assertion of a claim of right in the land. The failure of defendants to submit any evidence in support of their claim left the court free to find that it was without right and also to find that such as it was it was adverse to plaintiffs, and this without aid from plaintiff's evidence. But plaintiffs, unnecessarily, we think, in view of defendants' failure to submit any evidence, did, however, submit evidence touching the issue of fraud tendered by defendants and fully established the entire good faith of the transactions culminating in plaintiff's title, free from any taint of fraud. In commenting upon sections 738 and 739 of the Code of Civil Procedure, it was held in *Bulwer M. Co.* v. *Standard M. Co.,* 83 Cal. 589, [28 Pac. 1102], that the purpose of averring an adverse claim is to notify defendant of the nature of the action and requiring him to set forth and litigate any adverse title he may claim to have or to disclaim having such title expressly or by default; that "the only material issues tendered by a complaint in this class of cases relates to the title of the real property described in the complaint; therefore there was no necessity for a finding upon the formal but immaterial issue, as to whether the

defendant had asserted an adverse title before the commencement of the action." It was said further: "The object of sections 738 and 739 is to enable the plaintiff, in such action, to dispel whatever may be regarded by third persons, as well as by defendant, as a cloud upon his title; for even though the defendant makes no adverse claim, third persons may regard plaintiff's title as being subject to an adverse claim by the defendant, which would be a cloud upon plaintiff's title, depreciating its value, and which he would be entitled to have removed by the decree of the court."

Appellants contend that this is not the law, and that the expressions of the court were not necessary to the decision and were but *dicta* and were used in a case where the defendant had disclaimed any estate or interest.

It seems to us that the "material issues" in this class of cases "relate to the title of the real property described in the complaint" and nothing else. When the title is found to be in the plaintiff, and no title or interest is shown in defendant, it necessarily follows that the claim of the defendant is without right, whether adverse or not. If the defendant makes default the court may find the allegations of the complaint to be true; why not also when the defendant answers but fails to support it by evidence? How can plaintiff know the nature of defendant's claim unless it is pleaded, and would it not be unreasonable to hold to a rule requiring him to show that a claim of which he has no knowledge is without right, except by showing his own right? If defendant's claim be pleaded, the burden is then upon defendant to establish it, failing in which, the findings must be against defendant. (*Crook* v. *Forsyth,* 30 Cal. 662; *Stoddard* v. *Burge,* 53 Cal. 394.) This seems to us both reasonable and logical and in conformity with the object of the action as stated in the case reported in *Bulwer Min. Co.* v. *Standard Min. Co.,* 83 Cal. 589, [23 Pac. 1102]. However this may be, defendants denied plaintiffs' title and set up their adverse interest. The issues usual in such cases were thus formed and each party was called upon to make good by evidence his affirmative averments touching his own title to or interest in the property. Neither party was required to disprove his adversary's case, but could rest upon proof of his own title.

2. Appellants further contend that, because the court found the specific facts showing ownership and also found

generally that plaintiffs were the owners of the property, the general findings became mere conclusions of law, and the specific findings must support the conclusion of ownership and necessarily the evidence must support the specific facts found, or a reversal must result. (Citing *Gruwell* v. *Seyboldt*, 82 Cal. 7, [22 Pac. 938] ; *Savings & Loan Soc.* v. *Burnett*, 106 Cal. 514, [39 Pac. 922].) Appellants designate eight separate findings which, it is claimed, fall within the above objection. It would unnecessarily prolong this opinion to state these findings and the evidence found in the record to support them. These findings seem to have had for their main object to deraign the title, untainted by fraud, through Churchill to plaintiffs and to show the circumstances under which he came into possession and control of the property, the relation to the Dorrises, the title by which he held the property, the equity retained by the Dorrises, and finally that, in consideration of discharging their indebtedness to Churchill they deeded and released all their interest, legal and equitable, to him; it was found that he conveyed to plaintiffs and that the transactions set forth were free from fraud.

The evidence, we think, supports these findings and when taken in connection with the complete findings, fully support the general findings of title in plaintiffs. Appellants in their brief say the court obviously attempted to find that the transfer to plaintiffs was not a fraud upon the creditors of P. A. and C. J. Dorris. We think the court succeeded in its attempt. The alleged apparent contradiction between finding designated 8 in defendant's brief and finding 5 is not real. The agreement and transfer of the Dorrises to Churchill and he to plaintiffs, occurred on the same day, and when Churchill conveyed to plaintiffs it is true that P. A. and C. J. Dorris no longer had any equitable interest in the property and long before this date the legal title had vested in Churchill. It may be doubted whether the court was called upon to find the evidence going to prove ownership, having found such ownership in plaintiffs (*Daly* v. *Sorocco*, 80 Cal. 307, [22 Pac. 211] ), but conceding appellants' position that, having done so, the evidence must support the findings, we think this requirement is fully met.

In point of fact a perfect and unbroken chain of title, free from fraud, from the government to plaintiffs is shown.

Against it is urged purely technical rules of law which, though entitled to recognition, are without merit under the circumstances and facts disclosed.

The judgment and order are affixed.

McLaughlin, J., and Buckles, J., concurred.